## John McCarty

*v.*

## The People of the State of Illinois.

51   231
183  220

51   231
193  410

Evidence—*in rebuttal of evidence of good character.* A party on trial upon a charge of murder, introduced evidence of his good character by general reputation, which was sought to be rebutted by evidence of particular acts of misconduct or crime, and that, by rumors and reports in the country: *Held*, that such proof in rebuttal was inadmissible; every man is presumed ready at all times to defend his general character, but not his individual acts.

Writ of Error to the Circuit Court of Kane county; the Hon. Sylvanus Wilcox, Judge, presiding.

John McCarty was indicted in the court below, for the alleged murder of one Michael Kinsella. The trial resulted in a verdict of guilty of manslaughter, and the jury fixed the term of confinement in the penitentiary at ten years. A new trial was denied, and judgment entered upon the verdict, and the defendant thereupon sued out this writ of error. The question arising upon the assignment of errors, is clearly set forth in the opinion of the court.

Mr. B. F. Parks, for the plaintiff in error.

Mr. R. L. Divine, for the people.

Mr. Chief Justice Breese delivered the opinion of the Court:

The only point made on this record, deemed necessary to be noticed, is, that after the defendant had given evidence of his good character, by general reputation, permitting the prosecution to give in evidence particular acts of misconduct or

crime, in rebuttal, and that, by rumors and reports in the country.

Were this the law, no person arraigned for crime, in which his uniform good character prior to the alleged offense, which this court has said is an element proper for the jury to consider in the trial of all offenses, had been established by testimony, would incur the risk attendant upon the production of such proof, if it could be rebutted by proof of rumors or reports of particular aberrations. Every man is presumed ready at all times to defend his general character, but not his individual acts—of those he must have due notice. No matter how pure one's life may be, he would hardly venture upon the proof if to be followed by such consequences.

We have been referred to no authority allowing such evidence in rebuttal, and on principle we do not think the right to do so can be maintained.

For this error the judgment is reversed and the cause remanded, *that a new trial may be had.*

*Judgment reversed.*