THE STATE v. ENGLISH, *Appellant.*

1.  **Evidence.** Upon the trial of a person jointly indicted with another, the prosecution will not be permitted to show that the latter is in the penitentiary of another State.

2.  ———. When the prosecution has given evidence tending to prove that the defendant went to the place where the crime was committed for the purpose of committing it, the defendant will be allowed to show that he went thither on legitimate business.

3.  **Evidence** that the defendant stole property of Peter Sinish will not sustain an indictment for stealing property of John Peter Sinish.

*Appeal from Cole Circuit Court.*—HON. GEORGE W. MILLER,
                              Judge.

*Lay & Belch* for appellant.

*J. L. Smith,* Attorney General, for respondent.

There was no error in permitting the witness to state the whereabouts of Moore.

He was indicted as principal, and the defendant as being present, aiding, abetting and assisting him; the evidence clearly shows that Moore committed the larceny; that he and defendant were seen to leave California together, riding horses belonging to defendant, and were seen in the neighborhood of the house where the larceny was committed, and were seen together in the evening of that day in California, and on this evidence the inquiry that naturally would present itself to the mind of an average juror, is, "where is Moore, and why don't the State arrest and prosecute him?" That question would remain unanswered, and however much it might be contrary to their duty, some of the jurors would beyond question be influenced by that fact to acquitting the defendant, not desiring to punish one of the parties to a crime, so long as the other remained unpunished. To obviate this prejudice against the State, it was most certainly proper

to prove that it was not within the power of the State to arrest and prosecute Moore. It could not possibly prejudice the defendant; it did not tend to prove defendant's bad character, and the real objection to the same was that it took away from him an argument before the jury to which he was not entitled.

NORTON, J.—At the May term, 1876, of the circuit court of Cole county, the defendant was indicted jointly with one Mack Moore, for grand larceny, and for receiving stolen property, knowing the same to have been stolen.

The first count of the indictment charged that Moore " did feloniously steal, take and carry away thirty-five dollars, one note, one twenty dollar bill, one ten dollar and one five dollar bill, lawful money of the United States, of the value of thirty-five dollars, then and there the property of John Peter Sinish," and the defendant was present aiding, abetting, assisting and maintaining the said Mack Moore, the felony and larceny to do and to commit," &c. The second count charged that Joseph English and Mack More on, &c., at, &c., thirty-five dollars, to-wit: one twenty dollar bill, one ten dollar and one five dollar bill, lawful money of the United States of the value of thirty-five dollars, the property of one John Peter Sinish," therefore stolen, did receive and have in their possession, well knowing it to have been so stolen. Defendant was tried, convicted and sentenced to two years imprisonment in the penitentiary.

The case is here by appeal, and a reversal of the judgment is sought for alleged error in receiving and rejecting evidence, and in giving improper instructions. On the trial a witness on behalf of the prosecution was asked to state where Moore, who was jointly indicted with defendant, was, and the objection of defendant thereto being overruled, he answered that he understood he was in the Texas penitentiary. This evidence we think was not admissible. It could have had no other tendency than to

prejudice the cause of defendant before the jury, and had no relevancy to any issue in the case. The conviction of defendant was sought by the State upon evidence purely circumstantial, and we cannot estimate the effect which the answer may have had on the jury in determining the question of defendant's guilt.

The defense offered to show that, on the day the larceny was alleged to have been committed, defendant had business which caused him to go in the neighborhood where Sinish lived. This the court refused to allow. The theory on which the State proceeded, as the evidence shows, was that English left the town of California that morning, which was several miles from the house of Sinish, in company with Moore to commit the larceny, and we think he should have been allowed to show that his mission to the neighborhood was legitimate business, and that his purpose in going thither was an honest one, if such were the facts, and, more especially, as the evidence discloses the fact that he was not in the house of Sinish when Moore committed the larceny nor in the immediate vicinity.

The sixth instruction given on behalf of the State tells the jury that, if they believe that Moore assaulted Mrs. Peter Sinish in her house, and by force took from her money of the value of $20, and that the same was the property of Peter Sinish, and that defendant aided and abetted said Moore, they would find defendant guilty on the first count of the indictment.

This count charges that the property stolen was the property of John Peter Sinish, and the jury are authorized by the instruction to convict, if they find the property stolen to be the property of Peter Sinish.

Under the indictment defendant could only be convicted for stealing the property of John, and not the property of Peter Sinish. *State v. Fay*, 65 Mo. 490. For the errors above mentioned, the judgment will be reversed

and cause remanded, in which the other judges concur.

REVERSED.