FRANK REDDICK, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In all cases where a man is on trial, accused of crime, he has the right to introduce evidence to show his general good character or reputation, but the evidence is to be confined to general reputation, and particular acts of good conduct on the part of the accused cannot be shown in evidence, and the same rule applies to the prosecution. The prosecution cannot puts in issue the character of the accused, but when the accused himself put his character in issue, the State has the right to introduce evidence in rebuttal to show that the general character of the accused is base, but the evidence so introduced by the State, or evidence brought out on cross-examination by the State, must be confined to the general character of the accused, and if particular acts of bad conduct on the part of the accused are allowed in proof, such proof is illegal and cause for reversal.

2. The plaintiff in error was indicted for the murder of Henry Churchill, and there was evidence at the trial to show that the name of the deceased was Churchwell, and there was evidence to show that the deceased was as well known by the name of Churchill as by Churchwell, his true name : *Held*, That independent of the names being *idems sonans* there was no error in the verdict of conviction.

3. Where counsel for the accused requested the court to charge the jury, and the charge requested by him had already been (substantially) given by the court, the court was not required to repeat the charge.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Frank W. Pope* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J. : The plaintiff in error was tried at the spring term of 1886, for the murder of Henry Churchill, and convicted of manslaughter in the second degree.

Motion for new trial was entered and overruled, and plaintiff in error sentenced to the State penitentiary for the term of five years, and the case is now before this court upon writ of error.

The first error assigned is: " The Court erred in over-ruling the objection of counsel for defendant to that part of the testimony of John Ligon as follows: ' Two years ago I chased defendant out of Georgia. I was Deputy Sheriff of Brooks county, in that State, at the time, and had a warrant for his arrest. He was charged with assault with intent to murder. I chased him into Madison county, and then lost track of him.' "

The record sent to this court shows that the plaintiff in error, at the trial, introduced evidence tending to show his good character, and it shows that the evidence of John Ligon was introduced by the State in rebuttal of the evidence so introduced by the plaintiff in error, which evidence, so admitted on cross-examination, showing or tending to show a particular act on the part of the plaintiff in error, and tending, to some extent at least, to break down the good character the plaintiff in error had shown, was illegal, and the court erred in admitting it.

The practice of allowing defendants, on trial charged with crime, to introduce evidence showing good character was first adopted in the English courts during the reign of Charles II, and the practice there was to admit such testimony only in capital cases *in favorum vitæ*, when the evidence was circumstantial or there was a doubt as to the guilt of the accused, but never admitted when the guilt of the accused was plainly shown by the evidence, the Court, we presume, being the judge as to whether the evidence showed a plain case of guilt. The evidence in such cases,

8

under the English practice, from the time it was first adopted to the present, was confined to the general character or reputation of the accused ; that is, he could introduce evidence as to his general good character, but could not, for instance, show particular acts of kindness or honesty, and the prosecution was bound by the same rule. The prosecution could not put in issue the character of the defendant, but when the defendant put his own character in issue, the prosecution had the right to introduce witnesses in rebuttal, and to show by them, or upon cross to the defendant's witnesses, that the defendant's general character was bad, but was not allowed to show particular acts of misconduct on his part. This is the practice in most of the States of the Union, including our own ; now, it may be contended that, although illegal, the evidence of Ligon was immaterial and did not prejudice the plaintiff in error's case. But is this true ? Who can tell what influence this evidence had upon the jury ? It was the only evidence in the case tending to impeach the good character of the plaintiff in error, but it *was*, in our opinion, calculated to prejudice the jury against him. That this testimony was illegal, and that it should not have been admitted. See Whar. Cr. Ev., sec. 23 *et seq.* ; Reg. vs. Rowton, Vol. XI, pt. 1, N. S. Jurist, 1865, p. 325 ; Commonwealth vs. O'Brien, 119 Mass., 342 ; McCarty vs. State, 51 Ill., 231 ; State vs. Saxton, 76 N. C., 216 ; Snyder vs. Commonwealth, 85 Penn., St. 519 ; Conkey & Herrington vs. People, 5 Parker's Crim. Repts. 31 ; Olive vs. State, 11 Neb. 1 ; 10 Tex. Ct. app. 525 ; Engleman vs. State, 2 Ind. 91, 97 ; Jones vs. State, 75 Ala., 8 ; Thomas vs. People, 67 N. Y. 218 ; Hirshman vs. State, 101 Ill., 568 ; Roscoe's Crim. Ev., 97 ; 2 Russell on Crimes, 784 ; 1 Chitty's C. L., 574 ; 3 Greenleaf on Ev., 25 ; 1 Phillips on Ev., 617, 762,

763, 764, 765 ; 1 Starkie on Ev., 25 ; Best on Ev., 270 ; Whar. Cr. Pl. and Pr., 801, and cases cited ; 61 Geo., 305 ; 68 Ind., 401.

It is not in doubtful cases only that good character is of weight. Wharton's Cr. Evidence, sec. 65.

The best rule is that where illegal testimony has been admitted in a criminal case, a new trial will be granted unless it is clear that no injury has been done to the defendant by it. Wharton Cr. P. & P., secs. 801, 802, notes 6 and 7 ; Wooten vs. State, 24 Fla.

The second error assigned is, the court erred in refusing to charge the jury as requested by the defendant as follows : " If you believe from the evidence that the name of the deceased was Churchwell, and that he was known generally by that name, the fact that a few persons may have called him Churchill does not mean under the law that he was generally known by that name. Generally known by a name means that a person is called by that name by his neighbors as often or oftener than by his real or baptismal name."

The third error is : " That the court erred in refusing to charge the jury as requested by counsel for plaintiff in error, as follows : ' A mistake in the name of a third person in a material allegation will be fatal to the trial, for it creates a variance between the allegation and proof.' "

The fourth error assigned is, the charge given at the instance of the State's Attorney, as follows : " A variance between the name used in the indictment of the person killed and the name proved, will be fatal, but the person killed may be called in the indictment either by his real name or the name he was called by, and it is not necessary that he should be called by the name used by every one in the community, but if he was generally called and known by the name used in the indictment it is sufficient."

The court upon this point of the case charged as follows: " If you believe from the evidence that the name of the deceased was Churchwell—that by the name of Churchwell he was known, and that he was not generally knnow by the name of Churchill as laid in the indictment, it is your duty to acquit the defendant by a verdict of not guilty." We will consider this charge of the court and the second, third and fourth assignment of errors together. It is not clear upon what ground the court refused to give the first charge requested by the plaintiff in error, but this makes no difference for the reason, that it is not every variance between the name of the deceased as laid in the indictment, and his true name, is fatal. If the name of the deceased as laid in the indictment, and his true name are *idem sonans* the variance is immaterial. There is but little difference in the spelling of the two names—Churchill and Churchwell, and similarity of sound is very striking.

The court may, however, have refused the said first instruction of plaintiff in error upon the ground that it assumed a state of facts that did not exist, and if upon this ground, it was properly refused. There is nothing in the evidence to show that the deceased was known by the name of Churchill by " only a few persons."

One witness, Ligon, swore positively that the deceased was known and called Church, Churchill, and Churchwell, and that he was as well known by the name of Churchill as by his true name, Churchwell. Jackson, a witness for the State, stated that he was present at the preliminary examination of the accused before Justice Morey, and that the deceased seemed to be known then and there by those who testified, as Churchill, that that was what witness understood the witness to call deceased. Other witnesses swore that the deceased's true name was

Churchwell—but no one swore that he was not as well known by the name of Churchill as Churchwell. This question as to the name of the deceased, was properly left to the jury to be passed upon by them—they passed upon the question and, as is shown by their verdict, they must have found that the deceased's name was Churchill, or that he was as well known by that name as by any other, and, in our judgment, under the evidence, the jury found correctly, as to this part of the case.

The second charge requested by the plaintiff in error was properly refused, because too broad, and because it was substantially but a repetition of the judge's charge, and which he was not required under the rules of practice to give. Gladden vs. State, 12 Fla., 562; Nickles vs. Gautier, 16 Fla., 76.

And now conceding that the court should have given the charges as requested by the plaintiff in error, and that there was error in refusing to give them, such error, if it existed, was cured by the charge given at the instance of the State's Attorney and the court's own charge. The charge given upon request of the State's Attorney and the charge of the court upon this part of the case, were more favorable to the accused than he was entitled to under the law, for, the rule of *idem sonans* was entirely ignored, which, in our opinion, was in the interest of the accused.

Now, by construing these several charges together as well as those refused as those given, the rulings of the court were favorable to the plaintiff in error, and he had no cause to complain thereat.

That the variance between the names Churchill and Churchwell was immaterial. See Whar. Cr. Ev. § 96; Keil vs. Commonwealth, 5, Bush (Ky.,) 363; O'Brien vs. People, 48 Barbour, 274; Lowenburg vs. People, 5 Parker's Cr. Rept's., 414; Walter's vs. People, 6 Ibid, 22.

The remainder of the errors assigned were the usual ones, that the verdict was contrary to law ; contrary to the charge of the court; and that the court erred in not grant-ing a new trial, which we do not propose to consider.

As the case will have to go back to the court below for a new trial for the error stated *supra*, we refrain from ex-pressing any opinion upon the general facts therein.

Judgment reversed and new trial granted.

Maxwell, J., dissenting.