WILKINS v. STATE.

68   441
76   519

68   441
83   274
84   100

Opinion delivered December 1, 1900.

1. ABSENT WITNESS—FORMER TESTIMONY.—The testimony of an absent witness taken at an examining trial and reduced to writing by a clerk is admissible where the examining magistrate testifies that the written statement was read over and signed by the witness, and that defendant and his counsel were present and had opportunity to cross-examine the witness, and that the writing correctly stated the testimony of the witness as given in the examining court. (Page 442.)

2. INSTRUCTION—PREJUDICE.—An instruction that the written statement of the former testimony of an absent witness is to be considered the same as if the witness had testified in person is not prejudicial if it is not disputed that the statement is a true copy of such testimony. (Page 443.)

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

J. T. Patterson, J. D. Block and N. F. Lamb, for appellant.

It was error to admit the reading of the alleged evidence of witness Poteet. 52 S. W. 276; 40 Ark. 476. It was error for the court to give undue prominence to evidence of Poteet when instructing the jury. 36 S. W. 587; 45 Ark. 165; 45 Ark. 492; 23 Ark. 115; 57 Ark. 580; 44 Ark. 115; 49 Ark. 439; 37 Ark. 88; 37 Ark. 33; 57 Ark. 512; 62 Ark 286; 30 Ark. 383; 18 So. 121; 64 N. W. 961; 19 So. 711. The case of Payne v. State announces a safe and sound rule. 36 S. W. 587; 45 Ark. 165; 50 Ark. 477; 53 Ark. 381; 7 Ark. 470; 15 Ark. 491; 23 Ark. 115; 31 Ark. 306; 37 Ark. 580; 44 Ark. 115; 45 Ark. 492; 49 Ark. 439; 52 Ark. 263; 54 Ark. 621; 55 Ark. 244; 58 Ark. 108; 5 Ark. 403.

Jeff Davis and Chas. Jacobson, for appellees.

The testimony of witness Poteet was properly admitted. 33 Ark. 539; 40 Ark. 454; 36 S. W. 587.

PER CURIAM. Sid Wilkins was indicted for murder of one James Stephens. On a trial of such charge he was convicted

of murder in the second degree, and his punishment assessed at ten years in the penitentiary. From this judgment he appealed.

The main question presented by this appeal is raised by the contention that the court erred in permitting counsel for the state to read to the jury the testimony of John Poteet, a witness absent from the state, but whose testimony in the examining court had been reduced to writing and signed by him. The clerk who reduced this testimony to writing was not sworn, but the writing was identified by the examining magistrate as the testimony of the witness, John Poteet, as given on the examining trial at a time when the defendant and his counsel were present and had opportunity to cross-examine. He also testified that the testimony was taken down in writing, read over and signed by the witness Poteet. The writing of itself, standing alone, might be inadmissible, but it rests in this case on the testimony of the examining magistrate. He heard Poteet testify in the examining court, and, after his testimony had been reduced to writing, he heard it read to Poteet in that court. This was during the trial before the examining magistrate, and we infer from the statements of the magistrate on the stand that the testimony of Poteet, after being reduced to writing at the examining trial, was read to Poteet in the presence of the defendant and the magistrate, and was then signed by the witness Poteet. Before testifying in the circuit court, the magistrate had again examined this written testimony, and testified, not only that it was the copy of the testimony of Poteet which was made and signed at the examining trial, but that it correctly stated the testimony as given in that court. This testimony of the magistrate was not contradicted. The defendant himself testified on his trial, but he did not dispute those statements made by the magistrate, and we think this evidence was sufficient to identify the written copy of the testimony read in evidence as a correct and true copy of the evidence of the absent witness Poteet. It is true that the person who reduces the testimony to writing is generally the proper witness to establish the correctness of the writing, but this may also be shown by the magistrate or other person having sufficient knowledge of the fact.

The facts in the case of *Payne* v. *State*, 66 Ark. 545, to

which counsel for defendant refer in support of their contention that this evidence was improperly admitted, were very different from those in this case. The magistrate in that case did not testify that the minutes correctly stated the testimony of the absent witness. He was only asked to identify the writing as the copy of the evidence made by the clerk at the examining trial. His statements on that point were not very positive. Having stated that one Pheener acted as clerk, and reduced the testimony of the absent witness to writing, he was shown the writing, and asked if it was the testimony taken down by Pheener, and to this he replied, "I think it is. It looks just like it. * * * I wouldn't swear that is Mr. Pheener's writing, but believe it is." Even if this was sufficient to identify the copy of the testimony, it did not show that it was the full or correct testimony of the witness, and it was properly rejected as evidence in that case. The facts on this point are not very fully stated in the opinion in that case, but an examination of the transcript will leave no doubt as to the correctness of the decision in that case. Some of the statements in the opinion of the court in that case may seem to support the contention of appellant here, but those statements must be construed in the light of the facts in that case, which were very different from those here. Our conclusion is that the court committed no error in the admission of this evidence.

The contention that the court committed prejudicial error in instructing the jury that the written evidence of John Poteet was "to be treated and considered in all respects the same as if Poteet had given his evidence in person upon the witness stand," must also be overruled. Abstractly considered, that instruction was not proper, for it was a question for the jury to say whether the writing introduced was a true copy of the testimony of Poteet, and the testimony seems to take this question away from them. In other words, the court assumes in this instruction that the writing was a true copy of Poteet's testimony before the examining court. If there had been any conflict in the evidence on that point, the instruction would have been prejudicial, but there was no conflict on that point.

The examining magistrate testified that it was the testimony of Poteet, and no one disputed his statement. The defendant himself was sworn as a witness, but neither he nor any other witness questioned the accuracy of the testimony of the magistrate on that point. We therefore conclude that this testimony was true, and that the defendant was not prejudiced by the instruction in which its correctness was assumed.

On the whole case, our conclusion is that there was no prejudicial error, and the judgment is therefore affirmed.