WILLIAM JACOBS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—VARIANCE IN ALLEGATA AND PROBATA AS TO NAME OF PARTY INJURED.

1. Where an indictment for a criminal assault upon and carnal abuse of a female child alleged the name of the child assaulted to have been "Rosa Lee Nelson," and the only proof offered to sustain such allegation showed that her name was "Rosa Lee Ann," a conviction can not be sustained.

2. The *name* of the person assaulted as alleged in the indictment is an essential element in the legal description of the offense, and the failure to prove it as laid is fatal to a conviction had.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*Allred & Davis* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error, William Jacobs, was indicted, tried and convicted of the crime of carnal abuse of a female child under the age of ten years, at the spring term, 1903, of the Circuit Court for Marion county, was sentenced to death and seeks reversal here by writ of error.

The error assigned is the denial of the defendant's motion for a new trial. The fifth ground of this motion is as follows: "Because of a fatal variance between the allegation and the proof in said cause, in this, that the indictment charges the offense to have been committed on one Rosa Lee Nelson, and the testimony by the prosecuting

witness was that her name was Rosa Lee Ann, and there is no testimony on part of the State showing that said prosecuting witness was known by the name of Rosa Lee Nelson, it appearing in evidence that the mother of said witness is Lydia Coruthers."

This ground of the motion was well founded, and the court erred in denying it upon such ground. The indictment alleges that the crime was committed upon one Rosa Lee Nelson, and practically the only evidence as to the name of the person assaulted and abused was from such person herself as follows: "Q. What is your name? A. Rosa Lee. Q. Rosalie Nelson? A. Rosa Lee Ann."

There was no proof that she was known by the surname of "Nelson," as alleged in the indictment. The name of the person assaulted as alleged in the indictment. was an essential element in the legal description of the offense, and the failure to prove it as laid is fatal to the conviction had. *McFarland v. State,* 154 Ind. 442, 56 N. E. Rep. 910; *Regina v. Dent,* 2 Cox Cr. Cas. 354; *Regina v. Frost,* Dearsly's Crown Cas. 474; *Jackson v. State,* 55 Wis. 589, 13 N. W. Rep. 448; *English v. State,* 30 Texas App. 470, 18 S. W. Rep. 94; *Perry v. State,* 4 Texas App. 566; *Davis v. People,* 19 Ill. 74; *Penrod v. People,* 89 Ill. 150; *Hensley v. Commonwealth,* 1 Bush (Ky.) 11, S. C. 89 Am. Dec. 604.

Had the proofs shown that the party injured was known and called by both names, *viz*: "Rosa Lee Nelson," as alleged, and "Rosa Lee Ann," as proved, or that her name was "Rosa Lee Ann Nelson," the conviction could have been sustained, notwithstanding the fact that the indictment omitted the middle christian name "Ann." But because of the failure to prove the surname "Nelson" as laid in the indictment, the proof fails to sustain the charge as made by such indictement. *Burroughs v. State,* 17 Fla. 643.

The judgment of the court below is reversed and a new trial ordered, the cost of this appellate proceeding to be taxed against the county of Marion.