STATE OF MISSOURI, Respondent, v.   McNERNEY, Appellant.

St. Louis Court of Appeals, April 10, 1906.

1. CRIMINAL LAW: False Pretenses: Felony. Procuring the execution and delivery of a note in violation of section 2213, Revised Statutes 1899, is in all cases a felony regardless of the value of the note, and in a prosecution under said section an instruction which authorized a punishment at imprisonment in the county jail and a fine, if the jury found the defendant guilty and the value of the note less than thirty dollars, was erroneous.

2. ———: ———: Misdemeanor. In a prosecution of defendant for obtaining the execution of a note in violation of section 1927, Revised Statutes of 1899, an instruction which authorized the jury, if they found the defendant guilty and the value of the note was in excess of thirty dollars, to assess his punishment at not more than seven years, was erroneous, because the highest punishment permitted by said section is five years in prison, and because the procurement of the note in violation of said section is always a misdemeanor regardless of its value.

3. ———: ———: Variance. In the prosecution of defendant for procuring by false pretenses the execution and delivery of a note, where the information charged the procurement of a note for $66.72 from the prosecuting witness, it was not sustained by proof that the defendant procured from the prosecuting witness a note for $33.36 delivered to himself and another note for like amount delivered a month later to a third person.

Appeal from Dent Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

REVERSED AND REMANDED.

State v. McNerney.

*Byrns & Bean* and *McGlashan & Stephens* for defendant.

(1) There is a fatal variance between the note described in the information and the note proven in testimony both as to date and amount. The court erred in admitting testimony as to the $33.36 note. The State should have been confined to prove the note pleaded and described in the information. To sustain the ruling of the circuit court would be to set aside well-established principles of criminal pleading, trench upon the constitutional rights of the accused, make his defense hazardous and his acquittal insecure. State v. Smith, 31 Mo. 120; State v. Fay, 65 Mo. 490; State v. English, 67 Mo. 136; State v. Owen, 73 Mo. 440; State v. Chamberlain, 75 Mo. 382; State v. Jackson, 90 Mo. 156, 2 S. W. 128; State v. Karlowski, 142 Mo. 463-507, 44 S. W. 244; State v. Weeks, 88 Mo. App. 263; State v. Reed, 154 Mo. 122, 55 S. W. 278; Bishop Criminal Proc., sec. 165. (2) Under section 1927 there are two offenses: First, for obtaining the signature of any person to any written instrument; second, for obtaining from any person property. This prosecution should be based on the first clause for obtaining the signature of Clark to a note, and the note should be set forth *in haec verba* or the purport and substance thereof correctly stated. State v. Flanders, 118 Mo. 227, 23 S. W. 1086; R. S. 1899, secs. 25-28. (3) A note is a valuable thing under section 2213 and would also probably be under section 1927, but the punishment authorized by section 1927 is only what could be inflicted for the larceny of the paper on which the note was written, no matter what amount is expressed as payable in the note. A note in the hands of the maker is not the subject of larceny and the only punishment for obtaining a promissory note from its maker, by means of a false pretense, is that prescribed for petit larceny. State v. Porter, 75 Mo. 171.

*Hodges & Arthur* for respondent.

GOODE, J.—Appellant was convicted of procuring by false pretenses the execution and delivery of a promissory note for $66.72 and was fined $50.

The substance of the testimony of Clark, the prosecuting witness, was that some time on or about the first day of April, 1904, appellant spoke to him in regard. to taking some life insurance in the company appellant represented. Clark stated that he already had a policy of insurance and appellant said that the twenty-year life policy his company would issue would be accompanied, without additional cost, by an accident policy entitling Clark's beneficiary to draw $1,000 in case of the accidental death of Clark within twenty years; or, if he was sick or accidentally hurt, Clark himself could draw $10 a week for sick benefits for the full time he was disabled. Appellant represented that his company usually .issued the accident policy for $1,000 along with an ordinary life policy for $2,000 and did not issue the accident policy with a life policy for $1,000; but he (appellant) thought he might be able to procure an accident policy for Clark if the latter would take a life policy for $1,000. The regular premium for the twenty-payment life policy of $2,000 was to be $66.72 and the first year's premium was to be $55.20. On April 2d, Clark signed an application for a life policy for $1,000 and gave his premium note for $33.36. This transaction was between Clark and appellant and was the only one that occurred between them. The application which Clark signed said nothing about an accident policy. The receipt given by appellant for the premium note provided that it should be returned to Clark if the application was not accepted by the officers of the company in Chicago. Clark was notified that his policy would not reach him for a month or more. While waiting for it he concluded that he would prefer a twenty-year payment policy for $2,000; as, according to appellant's statement, the company would be more certain to issue an accident policy in connection with an ordinary life policy for that amount.

On May 2d, a month after Clark had applied for a policy for $1,000 and had given appellant a premium note for $33.36, he called on a certain Dr. Duncan, who must have represented the company in some capacity, and changed the application which he had given to appellant so that it called for an ordinary life policy for $2,000. As we understand, he at the same time gave Dr. Duncan another note to pay for the premium; that is one large enough to make the sum of it and the note for $33.36 given to appellant, $55.20; which was to be the cost of the policy for the first year. On this application the company issued Clark a twenty-year payment life policy of $2,000, dated May 2, 1904, and an accident policy for $1,000. Clark's complaint is that the latter policy insured him against accidents for one year instead of twenty years, and did not entitle him to weekly sick benefits as appellant represented it would. The alleged false statements regarding the terms of the accident policy are the false pretenses which constitute the substance of the crime charged against appellant in the information. They are said to have deceived Clark and induced him to sign and deliver a premium note for $66.72 to McNerney. Other witnesses for the State testified that appellant made like representations to them in order to induce them to order insurance from him. Their testimony was admitted to show a criminal intent on the part of appellant.

The court gave this instruction:

"The court instructs the jury that if you believe and find from the evidence, that the defendant, in Dent county, Missouri, on or about the 16th day of April, 1904, with the intent to cheat and defraud one Fred L. Clark, did willfully, falsely and feloniously pretend and represent to the said Fred L. Clark that he was authorized by the National Insurance Company of the United States of America, to sell said Clark a policy of accident insurance, which would insure the said Clark against accident for a period of twenty years and insure the holder

thereof against death from any accidental cause, for such period of twenty years, and in event of accident which did not cause death to such policy-holder, that by the terms of said policy he would receive benefits in the sum of ten dollars per week for the time he was unable to work on account of such accident, and if at such time and place the defendant, with intent to cheat and defraud said Clark, further falsely and feloniously pretended and represented that said insurance company was issuing policies with such provisions and if you further believe and find from the evidence, that the said defendant made such representations to said Clark with the fraudulent intent thereby and thereon to procure and obtain from said Clark his promissory note in payment for the insurance policy, and to defraud said Clark out of the same or any part thereof; and if you further believe and find from the evidence, that at the said time and place said statements were false and untrue and known to be so by the defendant, and if said Clark then and there believed the same to be true and was deceived thereby, and being so deceived, and on account thereof, executed and delivered to the said defendant his promissory note for the sum of thirty-three dollars and thirty-six cents, due in six months, you will find the defendant guilty, as charged in the information. If you find the defendant guilty of obtaining the note as aforesaid at the time and place and in the way and manner as required by this instruction, you will also further find the amount in value, if any, of which the said defendant defrauded the said Clark, and if such amount you find to be thirty dollars or more, you will assess his punishment at imprisonment in the State penitentiary for a term of not less than two or more than seven years, and if you find the said sum to be less than thirty dollars you will assess his punishment at imprisonment in the county jail not exceeding one year or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment."

It appears from the copied instruction that the court authorized the jury to impose a maximum punishment of imprisonment for seven years; a circumstance which indicates that the court understood appellant to be charged under section 2213 of the statutes. That section provides that every person who, with intent to cheat and defraud, shall obtain or attempt to obtain, from any other person, any money, property or other valuable thing, by means of any trick, or deception or false or fraudulent representation, statement or pretense, or by any other means, etc., shall be deemed guilty of a felony and on conviction shall be punished by imprisonment in the penitentiary for a term not to exceed seven years. [R. S. 1899, sec. 2213.] There is no provision allowing a conviction for a misdemeanor if the value of the property fraudulently obtained is less than thirty dollars. It was decided by the Supreme Court in State v. Porter, 75 Mo. 171, that a person may be indicted under that section for fraudulently and by false pretenses procuring another to make and deliver a promissory note, and that if convicted, the punishment must be by imprisonment in the penitentiary without regard to the value of the note. In other words, the section creates a crime that is in all instances a felony. Now the instruction directed the jury to assess appellant's punishment by fine or imprisonment in the county jail, if appellant was found to have defrauded Clark of less than thirty dollars in value. This circumstance would indicate that the court thought the information was based on section 1927 of the statutes, which provides that every person who, with the intent to cheat or defraud another, by color of any false token or writing, or by any other false pretense, shall obtain the signature of any person to any written instrument, or obtain from any person any money or personal property, etc., on conviction shall be punished in the same manner and to the some extent as for feloniously stealing the money,

property or thing so obtained. For stealing property of the value of more than thirty dollars, the maximum penalty is five .years' imprisonment; and in State v. Porter, supra, it was decided that fraudulently procuring a promissory note of any amount from the maker of such note before it has been issued to the payee, is a misdemeanor under section 1927 and punishable only to the extent that petit larceny is. It is obvious that the instruction was erroneous, no matter which section of the statute was the basis of the information. If appellant is charged under section. 2213, he could not be convicted of a misdemeanor; and probably this is all we have the right to say on that view of the case; for if the information is for a felony and appellant is convicted, the appeal will not fall within our jurisdiction. But we will say we think it is plain that the offense stated in the information was not proved. Appellant was accused of obtaining by false pretenses and by false and fraudulent representations, a note for $66.72. The evidence shows without dispute that the note executed and delivered to McNerney was for $33.36, and that another note to make up the amount of the premium of a policy for $2,000 was given, not to appellant, but to Dr. Duncan, and given a month later than the first one was. Now the description of the note was of the essence of the offense and the information was not sustained by proving that McNerney fraudulently procured to be executed and delivered to him a different note; granting that the latter fact was proved, which is doubtful in the extreme. [State v. Smith, 31 Mo. 120; State v. Fay, 65 Mo. 490; State v. English, 67 Mo. 136; State v. Owens, 73 Mo. 440; State v. Chamberlain, 75 Mo. 382.] The erroneous description of the property obtained would be fatal no matter which statute the information was based on.

The judgment is reversed and the cause remanded. All concur.