## BUTLER *v.* STATE.

### Opinion delivered June 17, 1907.

1. EVIDENCE—DEPOSITION OF ABSENT WITNESSES.—It was not error to permit the State in a felony case to introduce the written deposition of witnesses before the examining court who were beyond the court's jurisdiction at the trial, where the examining magistrate swore that their evidence was correctly set down and that defendant was present with opportunity to cross-examine the witnesses. (Page 274.)

2. SAME—FORMER TESTIMONY OF ABSENT WITNESS.—It was not error for the court to permit oral evidence to be introduced in rebuttal showing that certain witnesses, proved to be beyond the court's jurisdiction, had testified at the examining trial, where defendant had opportunity to cross-examine them. (Page 274.)

3. TRIAL—ORDER OF PROOF.—It was within the discretion of the trial court in a criminal case to permit testimony to be introduced by the State in rebuttal which should have been introduced in chief. (Page 274.)

4. EVIDENCE—FORMER TESTIMONY—RIGHT OF ACCUSED TO COUNSEL.—The competency of the testimony of absent witnesses in a felony case does not depend upon whether the accused was represented by counsel, as that is a privilege which he may waive. (Page 275.)

5. SAME—COMPETENCY.—The testimony of a witness in a murder case that the accused, shortly after killing deceased, stated, as a reason therefor, that deceased tried to make him return money won by him in a game was not rendered incompetent by reason of the fact that the witness cursed the accused for having killed deceased. (Page 275.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

ARK.] BUTLER *v.* STATE. 273

*Sidney J. Hunt* and *Hardin K. Toney,* for appellant.

1.   It was error to permit the written statements of witnesses Johnson and Hamilton to be read to the jury, since they contained only the substance of their testimony before the magistrate, and not their testimony in its entirety.   66 Ark. 545; 68 Ark. 441.

2.   On cross-examination it was error to permit the State's attorney, over the objection of the defendant, to ask the witness Stansell about new matters not responsive to his examination in chief.   38 Ark. 322-3.   It was mere secondary evidence at best, and no sufficient foundation for its introduction was laid. Specific objection being made, assigning among other reasons that it had not been shown that the witnesses were beyond the jurisdiction of the court, the same should have been sustained. 58 Ark. 371.

3.   Defendant, although present in person at the magistrate court's examination, being ignorant and without counsel, was not confronted by witnesses within the meaning of the Constitution.   Art. 11, § 10, Const.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The proof was ample that the absent witnesses were without the jurisdiction of the court, and that their attendance could not be procured.   The written testimony having been identified by the justice, it was proper to admit it.   60 Ark. 400; 47 Ark. 180; 40 Ark. 454; 29 Ark. 17; 58 Ark. 353; 68 Ark. 441; 76 Ark. 515.

McCulloch, J.   Appellant was convicted of murder in the second degree, and his punishment fixed by the jury at a term of fifteen years in the penitentiary.

The killing occurred while appellant and deceased, John Lewis, with other persons, were engaged in a game of "craps".

The State introduced an eyewitness to the killing, who testified that during the progress of the game Lewis demanded of appellant the return of seventy-five cents which the latter won from him, and that appellant shot him.   The shot struck Lewis in the neck, and he fell and expired in a few moments. Appellant ran away and attempted to escape, but after he ran several hundred yards and had been fired upon by bystanders

he returned and gave himself up. Appellant testified that when he declined to return the money won from Lewis the latter put his hand under his coat as if to draw a pistol, and that he then fired. He also testified that earlier in the day he had seen Lewis put his pistol on. After the death of Lewis a pistol was found in a scabbard on his body, and his vest was buttoned over it.

The court, over the objection of appellant, allowed the State to introduce the alleged testimony of Ulysses Hamilton and Wash. Johnson, previously given at the examining trial before a justice of the peace. The substance of the testimony of these witnesses had been reduced to writing at the time it was given upon the request of the justice of the peace, and was subscribed by said witnesses. The justice of the peace before whom the examination was held identified the several writings purporting to be the testimony of these witnesses, and testified that they contained the substance of all their testimony, that the statements of the witnesses were reduced to writing in his and their presence and read over to them, and that they subscribed and swore to it. Appellant was present at the examining trial, and was given an opportunity to cross-examine the witnesses. It was shown by testimony which the trial court found to be sufficient, and which we now find to be sufficient, that the witnesses were beyond the jurisdiction of the court. It was competent, therefore, to prove what their testimony was at the examining trial. The writings purporting to be the statements of the absent witnesses, when shown by the testimony of the justice of the peace who was present at the examination to be correct statements of the substance of the testimony given, were competent. *Wilkins* v. *State,* 68 Ark. 441; *Petty* v. *State,* 76 Ark. 515.

Appellant also complains of the ruling of the court in permitting the attorney for the State to introduce oral evidence of what the testimony of certain other witnesses was who testified at the examining trial. These witnesses were also shown to be beyond the jurisdiction of the court, and the evidence of what they testified at the examination was competent. It was irregular to introduce the testimony in rebuttal, but that was a matter within the discretion of the court, and no abuse of the discretion appears.

Counsel also argue that the testimony of the absent witnesses was not competent because the defendant was not represented by counsel at the examination before the justice of the peace, when the testimony was given. It is not necessary, in order to render the testimony more competent, that the defendant should have been represented by counsel. The law does not provide that an accused person must have counsel in a preliminary examination before a justice of the peace or other committing court. That is a privilege which he may or may not take advantage of as he chooses. The constitutional guaranty that he shall have an opportunity to be confronted with the witnesses against him is fulfilled by his presence when the testimony is given.

A witness, Walker Stansell, was permitted by the court to testify concerning a communication with appellant immediately after the killing in which the latter stated, as reasons for killing Lewis, that Lewis had tried to make him return seventy cents won in the game. Stansell testified that appellant claimed no justification for the killing except that Lewis tried to get him to return the seventy cents. This testimony was objected to because Stansell said that he cursed appellant for killing Lewis. This did not render the alleged statements of appellant to Stansell incompetent, as the fact that Stansell cursed appellant for shooting Lewis was not the inducing cause of the statement or of him failing to state any other cause for the shooting.

Affirmed.