| 84 | 97 |
| 84 | 140 |

BENNETT v. STATE.

Opinion delivered October 7, 1907.

1. HOMICIDE—VARIANCE AS TO DECEASED'S NAME.—A variance in a prosecution for murder between the indictment and the evidence as to the Christian name of the person killed is not material if the identity of the party in the evidence with the one named in the indictment is established to the jury's satisfaction, or if the inaccuracy is not misleading. (Page 99.)

2. SAME—WHEN VARIANCE NOT MATERIAL.—An allegation in an indictment for murder as to the name of the person alleged to have been murdered is not material where the offense is otherwise described with sufficient certainty to identify the act. (Page 99.)

3. WITNESS—IMPEACHMENT BY CONTRADICTORY STATEMENT.—It is admissible to impeach a witness in a felony case by showing that his tes-

timony in the examining court was different from his testimony at the trial. (Page 99.)

4. FORMER TESTIMONY,—BEST EVIDENCE.—Oral evidence of the former testimony of a witness in an examining court is admissible, though the substance of his testimony was taken down by the magistrate, as required by Kirby's Digest, § 2148, and produced at the trial. (Page 100.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

1. There is testimony that the deceased's Christian name was "Mooney," as alleged in the indictment, and other testimony that it was "Monte." The State makes no contention that the two names are *idem sonans,* but that the doctrine of interchangeability of names applies. 68 Ark. 241. It is a question of identity; and where that is established, if the inaccuracy is not misleading, it will not be fatal. 14 Enc. Pl. & Pr. 287. See also 10 *Id.* 505; 30 Ark. 162; 46 Ga. 269. The question as to whether the deceased was known by both names was one of fact for the jury. 158 Mass. 499; 155 Mass. 534; 133 Mass. 580; 143 Mass. 568. Appellant's request for instruction on this point is incorrect, and does not embrace the law applicable to the testimony. Unless the instruction requested is correct, he can not complain of its refusal. 77 Ark. 531.

2. The proper method of proving what a witness testified before an examining court is to call another witness who heard it and let him testify as to the facts. 66 Ark. 545.

HILL, C. J. Bennett was indicted for the murder of Mooney Thomas, was convicted of murder in the second degree, and appealed.

1. There was testimony tending to prove that the deceased was known as Mooney Thomas, and on the other hand there was testimony tending to prove that he was known as Monte Thomas, and that Monte was his true name, and that he was known by no other.

The appellant asked the court to charge the jury as follows: "The court instructs the jury that if they believe beyond a reasonable doubt that Monte Thomas was the party killed by Wes Bennett, and not Mooney Thomas, as alleged in the in-

dictment, said allegation is material, and they should find the defendant not guilty."

Where the name of a party is necessary to the description of the offense, proof of a different person than the one named in the indictment makes a variance. Formerly, there was a strict application of this rule, and even slight variances, if the names were not *idem sonans,* were held fatal. But the modern rule is that it is a question of identity; and where the identity of the party in the evidence with the one named in the indictment is established, or where the inaccuracy is not misleading, the variance is not fatal. 14 Ency. of Plead. & Prac., 286-7.

The question of identity of the person described in the indictment with the one mentioned in the evidence is one of fact, to be established, like any other fact, to the satisfaction of the ·jury. *Commonwealth* v. *Gould,* 158 Mass. 499; *State* v. *Williams,* 68 Ark. 241. Hence the instruction in question should not have been given without qualifying it to fit the conflict in the evidence as to whether Monte Thomas was the identical person named in the indictment as Mooney Thomas and known by that name.

The instruction is erroneous in yet another particular; it instructs that the name of the party assaulted is a material allegation, whereas the Criminal Code expressly makes such allegations *not* material where the offense is otherwise described with sufficient certainty to identify the act. Section 2233, Kirby's Digest. See construction of said section in *State* v. *Seely,* 30 Ark. 162; *State* v. *Jourdan,* 32 Ark. 203; *Edmonds* v. *State,* 34 Ark. 720; *Boardman* v. *State,* 66 Ark. 65.*

2. The State was permitted, in rebuttal, to show that a certain witness had testified differently in the examining court from what he testified in the trial. The witness by whom this was proved was present in the examining court, and testified from his recollection of the testimony given. The defendant showed that the evidence in the examining court was taken down in writing and signed by the witness after it was read over to him, and then moved the court to exclude the impeaching testimony on the ground that the written evidence was the best.

---

*See, also, *Blankenship* v. *State,* 55 Ark. 244.   (Rep.)

It was entirely proper for the State to prove by a witness who recollected the testimony in the examining court what it was, after the proper foundation had been laid for the introduction of it, notwithstanding the substance of the evidence may have been taken down by the magistrate, pursuant to section 2148. This subject has been fully considered in *Shackelford* v. *State*, 33 Ark. 539; *Payne* v. *State*, 66 Ark. 545; *Wilkins* v. *State*, 68 Ark. 441; *Petty* v. *State*, 76 Ark. 515; *Butler* v. *State*, 83 Ark. 272.

The other assignments of error in the motion for new trial have been examined, and the court fails to find any reversible error. The instructions given fairly presented all questions of law which the defendant was entitled to have presented. While some of the refused instructions might well have been given, they were sufficiently covered in those given to prevent it being error to have refused any of them.

Judgment is affirmed.