TALTON A. BRANCH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed July 15, 1927.

Petition for Rehearing Denied January 4, 1928.

*Whitaker Brothers* and *C. J. Hardee*, for the plaintiff in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant, for the Defendant in Error.

WHITFIELD, P. J.—The information herein charges that Talton A. Branch "unlawfully and feloniously, from a premeditated design to effect the death of one Harry C. Beaty, did make an assault on the said Harry C. Beaty," etc. The defendant was convicted of "assault with intent to commit murder in the first degree as charged in the information," the sentence being to the "State's Prison at hard labor for a period of ten years."

On writ of error the defendant contends here that the court erred "in overruling and denying motion of defendant's counsel when the State announced that it rested its case in chief, for a directed verdict of not guilty," and in "denying motion for new trial." One of the grounds of the motion for a directed verdict for the defendant was that the charge is of an assault upon Harry C. Beaty, and the evidence is that the person assaulted was Henry C. Beaty.

The *name* of the person assaulted as alleged in the indictment is an essential element in the legal description of the offense, and the failure to prove it as laid is fatal to a conviction had. Jacobs v. State, 46 Fla. 157, 35 South. Rep. 65.

In a prosecution for assault with intent to commit murder where it is shown that the person assaulted was as well known by the name alleged in the information as by his true name, the variance between the allegation and the proof as to the name of the person assaulted is not fatal. See Reddick v. State, 25 Fla. 112, 5 South. Rep. 704; Pyke v. State, 47 Fla. 93, 36 South. Rep. 577; McDonald v. State, 70 Fla. 250, 70 South. Rep. 24.

A material variance between the name alleged and that proven, is fatal; yet it is a question of identity, and the essential thing in the requirement of correspondence between the allegation of the name in the information and the proof, is that the record be in such shape as to inform the defendant of the charge against him and to protect him against another prosecution for the same offense. While there was no specific testimony that the person assaulted was *as well known* by the name of Harry as by the name of Henry, or that he was *generally* or *commonly* known as Harry, there is testimony that his true name is Henry; that he had been called Harry by his associates and by others in referring to him and that he had answered when

called Harry. This and other testimony established the identity of the person alleged and proved to have been assaulted, and showed that defendant could not have been embarrassed in preparing his defense; and the evidence being made a part of the record by bill of exceptions, the identity of the person assaulted as alleged in the information with the person whom the accused must have known to be the one intended to be named in the information and who was assaulted by the accused as alleged, is clearly shown by the record which protects the accused against another prosecution for the same offense. See Bennett v. United States, 194 Fed. Rep. 630; Bennett v. United States, 227 U. S. 333, 33 Sup. Ct. Rep. 288; Bennett v. State, 84 Ark. 97, 104 S. W. Rep. 928; 31 C. J. 847, 849.

The statute requires the trial judge upon motion after the State has rested its case to direct a verdict for the defendant only where no evidence has been submitted upon which the jury would lawfully find a verdict against the defendant. Sec. 2696, Rev. Gen. Stats., 1920, as amended by Chapter 10163 Acts of 1925.

In view of the testimony adduced by the State in chief as to the identity of Henry C. Beaty with Harry C. Beaty as the person alleged to have been assaulted, there was no error in denying the motion for a directed verdict for the defendant; and the entire evidence as to the identity of the person alleged to have been assaulted with the person proven to have been assaulted having been submitted to the jury, it was ample to sustain the finding involved in the verdict, approved by the trial court, of identity of Harry C. Beaty with Henry C. Beaty, and that there was no material or fatal variance between the allegation and proof as to the person assaulted.

Conflicts in the testimony as to the circumstances of the alleged assault were settled by the jury, and as there is ample evidence to sustain the verdict, and the judgment

and sentence rendered being within the limits prescribed by the statute, there must be an affirmance, no errors of law being made to appear.

Affirmed.

ELLIS, C. J., AND TERRELL, STRUM AND BROWN, J. J. concur.

BUFORD, J., dissents.

The issue presented in this case for determination here is stated by Mr. Presiding Justice WHITFIELD in the opinion which he has prepared for the approval of the Court. I am unable to concur in the opinion as written by Mr. Justice WHITFIELD. The evidence in this case shows that several years prior to the alleged offense Henry C. Beaty was on the police force in Tampa and for a while was called "Harry" by some of the police officers, but that it was learned by the officers that his name was not "Harry" and they, having been corrected, ceased to call him "Harry." There is no evidence that he was ever called "Harry" from that time until after this alleged offense was alleged to have been committed and while he testified on re-direct examination that he had sometimes been called "Harry," there is no evidence that he was generally known by the name of "Harry" nor that he was commonly called "Harry" nor that he was known as well by the name of "Harry" as by the name of "Henry."

In an information charging an unlawful assault upon a person the name of the person is a part of the description of the offense and is required to be correctly given, that the person alleged to have been assaulted may be identified by the charge in the information. The information in this

case did not otherwise identify the person assaulted except by the name of "Harry C. Beaty."

There being no other description of the person assaulted in the information, the failure to prove the name as laid in the information is fatal to a conviction. Jacob v. State, 46 Fla. 157; 35 Sou. 65; Wharton's Criminal Procedure, Sec. 158 page 212; Wharton's Criminal Evidence, Sec. 94 page 285; 31 Corpus Juris, 848, Sec. 465; State v. Dudley, 7 Wisc. 664; Lettrell v. State, Tex. 143, S. W. 628; Gandy v. State, 27 Nebr. 707; State v. English, 67 Mo. 136; Lewis v. State, 90 Ga. 95; Irwin v. State, 117 Ga. 722; State v. Hughes, 41 Cal. 234; U. S. v. Howard, 12 Fed. Case No. 15, 403; State v. Sherrill, 81 N. C. 550.

My view of the law of the case is that there was a fatal variance between the allegation of the information and the proof offered in support of the same and that advantage of such variance was duly taken by the accused, and therefore that the judgment of the conviction should be reversed.