PEARSON, Judge.
The appellant was charged and convicted upon two counts of aggravated assault. He was sentenced to two years at hard' labor without specification as to the two counts.
Count one of the information charged an assault “upon one Willie Gay.” Count two charged an assault upon Odell Greene. The evidence concerned an altercation or disturbance which occurred when the appellant returned to a filling station after an unsuccessful repair of his car. He demanded and received, with the aid of his display of a pistol, the return of his payment. The filling station was operated by Willie Applegate. ■ Odell Greene was the cashier from whom the appellant “snatched” the money. «
The conviction upon Count one must be reversed upon authority of Jacobs v. State, 46 Fla. 157, 35 So. 65 (1903). There is no evidence in the record to identify Willie Applegate as the person alleged to have been assaulted. The State failed to prove that Willie Applegate and Willie Gay were, in reality, the same person. Therefore, it cannot be said that the record protects the accused against another prosecution for the same offense. See Branch v. State, 94 Fla. 286, 115 So. 143 (1927).
It is urged that the evidence is insufficient to sustain the finding of guilty upon Count two. The record contains contradictory statements concerning appellant’s display' of the weapon in receiving *4 the money from the cashier. Nevertheless, the record is sufficient to sustain the finding of the trial judge. See Caraker v. State, Fla.1955, 84 So.2d 50.
We therefore affirm the judgment upon Count two and reverse the judgment and the sentence upon Count one. The cause is remanded for a new trial on Count one of the information, and for a reconsideration of the sentence. We note from the record that the appellant is not presently incarcerated but is at liberty upon an appeal bond. We suggest that the ends of justice may best be met by a reconsideration of the sentence on Count two after the disposition of the charge in Count one.
Affirmed in part, reversed in part and remanded.