203 So.2d 202 (1967)
Charles HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 1197.
District Court of Appeal of Florida. Fourth District.
October 10, 1967.
Rehearing Denied November 8, 1967.
*203 Thomas M. Coker, Jr., Public Defender, and Ross E. Mowry, Asst. Public Defender, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
BARNS, PAUL D., Associate Judge.
After verdict, Charles Hall was adjudged guilty of murder in the second degree, and upon motion for a new trial being denied, he entered this appeal through the Public Defender. We affirm.
The appellant's first four assignments of error are that (1) the verdict is contrary to the law; (2) the verdict is contrary to the evidence; (3) the verdict is contrary to the law and the evidence; and (4) the verdict is contrary to the weight of the evidence. The verdict of a jury is not a judicial act and is not assignable as error. Florida Appellate Rule 3.5(c), 32 F.S.A. To be of any force and effect assignments of error must be addressed to identified judicial acts.
Appellant's first point argued is that there is a "material variance between the name of the victim as alleged in the information and that of the person proved to have been attacked by the defendant." This point comes within the scope of the assignment that the "State failed to prove that the individual shot was the deceased."
The information charges that the defendant shot and killed Waldo Cokerwolge, Jr., a/k/a Waldo Cokerwolde, Jr., on March 26, 1966. At trial, it was stipulated that "Waldo Cokerwolge, Jr. died on May 11th, 1966 of a gunshot wound." The defendant testified that he and Mary and Dot and Coker went to the house of "Coker" and "Dot" on the morning of the shooting where "Coker Junior grabbed me" and on cross examination the defendant admitted he shot "Waldo". The several witnesses identified the man shot on March 26th as "Coker Junior Waldo", "Waldo", or "Coker Junior". The defendant used the name "Waldo" in reference to the man shot when he said, "Waldo, don't crowd me". There is nothing in the record to suggest that the defendant did not shoot Waldo Cokerwolge, Jr., and all the evidence shows that it was he that the defendant shot with a pistol and it is stipulated that he died of a gunshot wound. The point is without merit.
The defendant's second point argued is: "Were the comments of the prosecutor *204 in the closing argument prejudicial to appellant?" which is within the scope an assignment of error that "the Prosecutor used improper remarks in his closing argument to the jury". Appellant's brief fails to show that any objection was made at trial to such remarks or that any judicial ruling relative thereto was made at trial. We have examined the record in this respect and find the point without merit.
Affirmed.
CROSS and McCAIN, JJ., concur.