WALDEN, Judge.
This is a corpus delicti case. We reverse because essential elements thereof were not proven.
Appellant-defendant, Richard Murphy, was charged in separate informations with the unlawful killing of Linda Greenwood and Mary Gulley through culpable negligence based on F.S.1967, section 782.07, F.S.A. Defendant was the driver of an automobile involved in an accident, in which (allegedly) the two girls named in the informations were killed. Defendant plead not guilty. The cases were consolidated and tried with defendant being found guilty on both informations. Defendant here appeals from the order of probation which, inter alia, ordered him not to operate a motor vehicle for ten years.
*855 Defendant contends, among other things, that the corpus delicti was not established because the evidence presented was legally insufficient to support the guilty verdict as regards the identity of the deceased girls.
This court has pointed out requirements for establishing the corpus delicti in homicide cases in Johnson v. State, Fla.App.1967, 201 So.2d 492 at page 493, citing Freeman v. State, Fla.App.1958, 101 So.2d 887, 888:[1]
“ ‘The term “corpus delicti” connotes the body of the offense, or, otherwise stated, the substance of the crime. 26 Am.Jur. section 6, p. 159. As applied to homicide cases in the Florida jurisdiction, the corpus delicti consists of three essential ingredients: (1) the fact of death, (2) the existence of the criminal agency of another person as the cause of death, and (3) the identity of the deceased. Hulst v. State, 1936, 123 Fla. 315, 166 So. 828; Deiterle v. State, 1931, 101 Fla. 79, 134 So. 42; and Lee v. State, 1928, 96 Fla. 59, 117 So. 699.’ (Emphasis added.)”
Whether the evidence is direct or circumstantial, the proof of the component elements of the corpus delicti must be established beyond a reasonable doubt. Johnson v. State, supra.
The testimony as to the identification of Mary Gulley presented to the jury came from a police officer named Hill who was at the scene of the accident and two doctors. Haasis and Hoffmeister, who treated an injured patient. Hill testified that he observed a girl in the back seat of the automobile behind the driver who identified herself as Pat Gulley. Hill testified he was previously acquainted with this woman and knew her by the name, Pat Gulley. The doctors testified that they treated a person who, according to their records, was a Miss Patricia Gulley. There was no testimony presented to the jury proving the third essential of corpus delicti, i. e. that the alleged deceased was Mary Gulley.[2]
Also, with regard to Mary Gulley, there is no evidence in the record establishing the first essential element of corpus delicti, i. e. the fact of death, whether it be the death of Mary Gulley, Pat Gulley or Miss Patricia Gulley.[3] The doctor testified that he had a feeling that Miss Patricia Gulley would not live more than 24 hours, but there is no testimony before the jury as to the death of a human being named Gulley.
Now, with reference to Linda Greenwood, she was in an unconscious state when Officer Hill arrived, but was identified by Pat Gulley in a dying declaration made to Officer Hill. Doctor Haasis treated and pronounced dead a person identified to him as Linda Greenwood. Although Doctor Haasis pronounced Linda Greenwood dead and treated a Miss Patricia Gulley, no predicate testimony was offered to establish the basis for his identification of these persons.
*856 Identity testimony regarding the deceased must be preceded by predicate testimony that the witness had seen, recognized or by some means identified the body or “the State has failed to prove the identity of the deceased.” Terzado v. State, Fla.App.1970, 232 So.2d 232 at 235. Officer Hill only saw the girls while alive, (see footnote 1)
The State argues that Hall v. State, Fla.App.1967, 203 So.2d 202, and Branch v. State, Fla.1928, 94 Fla. 286, 115 So. 143, support the proposition that an information may allege one name and the proof another name without the variance necessarily being fatal. Assuming, arguendo, that that proposition is supported and Mary Gulley may be Pat Gulley,[4] there is still no evidence of Mary or Pat Gulley’s death, or sufficient proof that the Linda Greenwood identified by Pat Gulley to Officer Hill was the same person pronounced dead by Doctor Haasis and, therefore, the State has failed to establish corpus delicti.
Quoting again from Johnson, supra,
“The proof of the identity of the deceased must be established beyond a reasonable doubt and, if circumstantial evidence is resorted to, the proof must he the most convincing, satisfactory, and unequivocal proof that is compatible with the nature of the case. Freeman v. State [101 So.2d 887], supra. Here, we are not faced with a case where the body of the deceased has been destroyed, *857 mutilated or lost so that, compatible with the nature of such circumstances, a less degree of proof could be deemed convincing and satisfactory. In the case sub judice it would have been a manifestly simple and commonplace undertaking to establish the identity of the deceased.
“Under the circumstances we declare as a matter of law that the essential ingredient of the corpus delicti, the identity of the deceased, was not established. See Harris v. State, 1929, 155 Miss. 398, 124 So. 493; Bolden v. State, 1918, 140 Tenn. 118, 203 S.W. 755; and People v. Smith, 1921, 55 Cal.App. 324, 203 P. 816.” (Emphasis supplied.)
The cause must be remanded for a new trial.
Reversed and remanded.
REED and OWEN, JJ., concur.

. In Johnson, defendant was convicted of second degree murder and appealed, contending that the corpus delicti was not established. Defendant and his wife were scuffling over a gun when defendant shot her (his wife). Witnesses were present at the shooting, but the wife was alive when they last saw her. Every identification was made while the wife was living. A doctor did an autopsy but did not identify her.

. In testimony not before the jury, the victim was identified by her ex-husband as Mary Gulley. The reason this proffered testimony was not before the jury was because it was educed incidentally while prosecution was trying to persuade the court to admit an inferential dying declaration. Only the inference was objected to and sustained as improper, but prosecution was developing this testimony for that purpose and when it fell decided not to submit any of that testimony to the jury.

. The defense offered to stipulate that the patient referred to as Miss Patricia Gulley died as a result of the injury being described by Dr. Hoffmeister in his testimony. That offered stipulation was neither rejected nor accepted by the prosecutor as he chose instead to continue his examination of the witness.

. Although these eases are distinguishable; in Branch v. State, Fla.1928, 94 Fla. 286, 115 So. 143, the name of the deceased in the information was Henry C. Beaty, while the proof was directed to Harry C. Beaty.
“A material variance between the name alleged, and that proved, is fatal; yet it is a question of identity, and the essential thing in the requirement of correspondence between the allegation of the name in the information and the proof is that the record be in such shape as to inform the defendant of the charge against him and to protect him against another prosecution for the same offense. While there was no specific testimony that the person assaulted was as well known by the name of ‘Harry’ as by the name of ‘Henry’, or that he was generally or commonly known as Harry, there is testimony that his true name is ‘Henry’, that he had been called ‘Harry’ by his associates and by others in referring to him and that he had answered when called ‘Harry’. This and other testimony established the identity of the person alleged and proved to have been assaulted, and showed that defendant could not have been embarrassed in preparing his defense; and, the evidence being made a part of the record by bill of exceptions, the identity of the person assaulted as alleged in the information with the person whom the accused must have known to be the one intended to be named in the information, and who was assaulted by the accused as alleged, is clearly shown by the record which protects the accused against another prosecution for the same offense. See Bennett v. United States (C.C.A.) 194 F. 630; Bennett v. United States, 227 U.S. 333, 33 S.Ct. 288, 57 L.Ed. 531; Bennett v. State, 84 Ark 97, 104 S.W. 928; 31 C.J. 847, 849.”
In the instant case there is no similar testimony before the jury (although such testimony is of record) to the effect that Mary Gulley was another name for Pat Gulley.
In Hall v. State, Fla.App.1967, 203 So.2d 202 at 203,
“The information charges that the defendant shot and killed Waldo Cokerwolge, Jr., a/k/a Waldo Ookerwolde, Jr., on March 26, 1966. At trial it was stipulated that ‘Waldo Ookerwoldge, Jr. died on May 11th, 1966 of a gunshot wound.’ The defendant testified that he and Mary and Dot and Coker went to the house of ‘Coker’ and ‘Dot’ on the morning of the shooting where ‘Coker Junior grabbed me’ and on cross examination the defendant admitted he shot ‘Waldo’. The several witnesses identified the man shot on March 26th as ‘Coker Junior Waldo’, ‘Waldo’, or ‘Coker Junior’. The defendant used the name ‘Waldo’ in reference to the man shot when he said, ‘Waldo, don’t crowd me’. There is nothing in the record to suggest that the defendant did not shoot Waldo Cokerwolge, Jr., and all the evidence shows that it was he that the defendant shot with a pistol and it is stipulated that he died of a gunshot wound. The point is without merit.”
In the instant case there is no valid stipulation.