FREDERICK G. DEITERLE, *Plaintiff in Error*, VS. STATE OF
FLORIDA, *Defendant in Error*.
Division B.
Opinion filed April 3, 1931.

*Edward F. P. Brigham,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,*
Assistant, for the State.

HUTCHISON, Circuit Judge:

The plaintiff in error was convicted of murder in the
second degree in the Circuit Court of Dade County, Flor-
ida. On writ of error sued out from the judgment of the
Circuit Court to this Court, in an opinion rendered Oc-
tober 22nd, A.D. 1929 (Dieterle vs. State, 98 Fla. 739; 124
Sou. 47) the judgment of the trial court was reversed.
On February 20th A.D. 1930 an information was filed
against the plaintiff in error in the Criminal Court of
Record in Dade County, charging him with the crime of
murder in the second degree of which offense he was con-
victed upon a trial had in the Criminal Court of Record.
From the judgment of conviction in the Criminal Court of
Record, the case is again before us on writ of error.

Seventeen errors were assigned, sixteen of which are
urged in the voluminous brief of plaintiff in error. In his
sixth and seventh assignments of error he contends that
the trial court erred in permitting the court reporter, over
the objection of the plaintiff in error, to testify from
shorthand notes as to part of the testimony given at a

former trial in another court, by plaintiff in error, and that the trial court erred in denying the motion to strike such testimony from the consideration of the jury. The plaintiff in error did not testify in the trial in the Criminal Court of Record.

It was urged before the trial court that such testimony of the court reporter was inadmissible, as there had been no proof by the State of the corpus delicti introduced, and that until proof of the corpus delicti was made, no admissions or confessions of the accused should be admitted in evidence. There were many other grounds urged against the admission of such testimony which are unnecessary for us to consider. Neither is it necessary for us to consider other assignments of error.

Admissions and confessions of the accused should not be admitted until proof of the corpus delicti is made. Confessions alone are not sufficient proof of corpus delicti.

(Tucker vs. State, 64 Fla. 518; 59 So. 941. Lambright vs. State, 34 Fla. 564; 16 So. 583. Gantling vs. State, 41 Fla. 587; 26 So. 733.)

The corpus delicti can not be proven solely by a confession or admission. Holland vs. State, 39 Fla. 178; 22 So. 298.

The testimony of the court reporter given by reading from his stenographic notes of a part of the testimony given at a former trial of the accused was the only evidence which tended to identify the dead body of Ollie Glass, whom plaintiff in error was charged to have murdered, and the only evidence which tended to prove that death resulted from the acts of any person other than the deceased. In homicide cases the corpus delicti consists of three component elements: (1) the fact of death; (2) the criminal agency of another person as the cause thereof;

and (3) the identity of the deceased person. Lee vs. State, 96 Fla. 59; 117 So. 699. If the testimony of the reporter had been excluded the proof of the State would be entirely lacking to establish the identity of Ollie Glass as the deceased and would be entirely lacking in showing any criminal agency of another as the cause of death. The proof of the State showed that the dead body of an unidentified person was found on the bay-shore in Dade County in a partly decomposed condition; that the vultures had eaten away the face, leaving the skull almost bare. There was no testimony which showed the cause of death, or tended to show that death was caused by the criminal agency of another, adduced either before or after the admission of the testimony of the court reporter. This Court has held in the case of Lee vs. State, supra, that in homicide cases, when proof of the corpus delicti rests upon circumstances and not upon direct proof, it must be established by the most convincing, satisfactory and unequivocal proof compatible with the nature of the case, excluding all uncertainty or doubt. Like every other essential element of the offense, the corpus delicti must be proven beyond a reasonable doubt, by evidence of the character mentioned. And no such proof was made by the State in this case other than the testimony of the court reporter, it was error to allow the court reporter, over objections, to testify as to admissions of the plaintiff in error, and as no evidence was subsequently offered by the State to correct said error, the judgment of the trial court should be reversed.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

DAVIS, J. disqualified.

BROWN, J. (concurring):

It might be well to call attention to the fact that in the Lambright, Holland, Gantling & Tucker cases cited in the above opinion, it was held that the *corpus delicti* need not be proven *beyond a reasonable doubt* before the court would be authorized to allow the introduction of a confession by the accused, but there must be proof before the court tending to show the *corpus delicti* before the confession is admissible. It is the province of the court to determine in ruling on the question of admissibility whether there is testimony sufficient to show *prima facie* that a crime has been committed before allowing a confession or admission to be introduced; but in my opinion the court must have had before it some substantial proof of such corpus delicti before admitting such confessions or admissions. When the evidence is all in, and that tending to prove that the corpus delicti is circumstantial, the doctrine of the Lee case, cited by Judge Hutchison, applies with full force; that is, the jury should not convict the defendant unless, on the evidence, considering it all together, the corpus delicti is proven beyond a reasonable doubt. See also Smith vs. State, 93 Fla. 238, 112 So. 70, which holds that there must be proof of the corpus delicti independent of the confession or admission.