45 So.2d 753 (1950)
SPANISH
v.
STATE.
Supreme Court of Florida, Special Division B.
April 14, 1950.
Rehearing Denied May 8, 1950.
S.L. Holland, Jr., Bartow, and Thacker & Thacker, Kissimmee, for appellant.
Richard W. Ervin, Attorney General, and Reeves Bowen, Assistant Attorney General, for appellee.
CHAPMAN, Acting Chief Justice.
The record in this case discloses that Florence Williams, a colored woman, weighing around 130 to 140 pounds, about sixty years of age and residing in Davenport, Polk County, Florida, was reported missing Sunday, February 13, 1949. On February 21st thereafter her body was found in a decomposed condition in a palmetto thicket, a short distance from the Negro Quarters of Davenport and near the railroad track. Holes were found in her neck and chest but the body was so decomposed that it was difficult to determine other evidence of violence, if any. She was seen in the town of Davenport in company with the defendant-appellant about the time of her disappearance on Sunday evening, February 13, 1949. Her body was found about 250 yards from the point where last seen alive  on one foot was a shoe but the other *754 shoe was found not a great distance from the point where she was last seen alive.
On March 16, 1949, a Grand Jury of Polk County presented an indictment charging the defendant-appellant with the unlawful death of Florence Williams. He entered a plea of not guilty upon arraignment, a jury was obtained and a trial had on the issues made, which resulted in a verdict of murder in the second degree. A motion for new trial was made and overruled, when the trial court sentenced the defendant, J.C. Spanish, to serve a period of his natural life in the State Prison of Florida at hard labor. An appeal therefrom has been perfected here and some twenty-two reasons assigned for a reversal of the judgment entered below. Generally speaking, these several questions center about (1) the sufficiency of the evidence to establish the corpus delicti; (2) the voluntariness of the alleged confessions by the defendant to the arresting authorities and the State Attorney; (3) the admissibility and sufficiency of the evidence; (4) the instructions as given by the trial court, as well as the court's refusal to give certain requested instructions.
It is contended that the evidence adduced during the progress of the trial by the prosecution to establish the essentials of the corpus delicti was legally insufficient in that the evidence so adduced failed to show that Florence Williams met her death in the foul manner or means as alleged in the indictment. Likewise, under recognized authority, it was the duty of the trial court under the law to have sustained the objections of defendant's counsel to the introduction of alleged confessions of the defendant into evidence. If, however, the alleged confessions of the defendant were admissible they could not legally be adduced until the essentials of the corpus delicti had first been fully shown.
The corpus delicti in homicide cases usually is sufficiently established when the prosecution adduces evidence showing: (1) the fact of death; (2) the identity of the deceased, and (3) the criminal agency of another as the cause of death. Deiterle v. State, 101 Fla. 79, 134 So. 42. The order of proof is first to show the corpus delicti prior to offering evidence in reference to the commission of the crime by the defendant and this rule should prevail where the question of the corpus delicti is clearly separate and distinct from the question of the guilt of the accused. But in many cases the two elements are so intimately connected that the proof of the corpus delicti and the guilty agency are shown at the same time, hence the order of proof in such cases is generally within the discretion of the trial court. Anderson v. State, 24 Fla. 139, 3 So. 884; Holland v. State, 39 Fla. 178, 22 So. 298.
We fail to find disputes and conflicts in the testimony on the question of the corpus delicti. The death of Florence Williams is not disputed; the identity of her body is admitted, and the criminal agency as to the cause of death is practically conceded. The defendant-appellant strenuously contended prior to the time that the State rested its case that he in no manner contributed to the death of Florence Williams. Admissions or confessions of the appellant made to the arresting authorities as to the cause of death of Florence Williams, it was contended, were unconstitutionally obtained by the officers. The trial court heard testimony on the voluntariness of the admissions or confessions, in the absence of the jury, and submitted the testimony to the jury in accordance with our rulings in Clay v. State, 143 Fla. 204, 196 So. 462; Brown v. State, 135 Fla. 30, 184 So. 518; Harrison v. State, 152 Fla. 86, 12 So.2d 307, and similar cases.
It is our view that no useful purpose will be advanced in setting forth details of the evidence considered by the jury in the court below. Attention may however be directed to the testimony of the appellant when on the stand in his own behalf. He testified as to an altercation with Florence Williams in which she assaulted him with an ice pick and he in turn struck and beat her and knocked her down. He then left the scene of the difficulty but returned to the spot and found the dead body of Florence Williams. He threw away the ice pick and took the body some 250 yards away, where it was found on February 21, 1949. The mortician testified that the body of Florence Williams when found disclosed *755 holes in the neck and chest. The testimony of the officers as to the confessions of the appellant is about the same as given by him as a witness. It is possible that the appellant's testimony as to his altercation with the deceased caused the jury to render a verdict of second degree murder rather than murder in the first degree, as charged in the indictment. The disputes and conflicts in the evidence, under our system, were for the jury under appropriate instructions.
It appears by the record that counsel for appellant requested in writing certain instructions to be given by the trial court to the jury. We have reviewed the entire charge as given by the trial court, as well as those requested and refused. We are committed to the rule in determining the correctness of charges and instructions that they should be considered as a whole and, if when considered as a whole they are free from error, an assignment predicated on isolated portions or paragraphs, which standing alone might be misleading or erroneous, must fail. In passing upon a single requested instruction or charge, it should be considered in connection with all other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the given instruction or the refusal to give such instruction must fail. Haddock v. State, 141 Fla. 132, 192 So. 803, and similar cases.
We have reviewed the whole record in light of the 22 questions posed by counsel for the appellant for adjudication here. The briefs of the parties have been carefully examined and additional thereto able oral arguments have been heard at the bar of this Court. It is our conclusion that reversible error has not been clearly made to appear and it is our duty under the law to affirm the judgment entered below.
Affirmed.
THOMAS, SEBRING and HOBSON, JJ., concur.