PER CURIAM.
Appellant, Henry Jones Carswell, alias Henry Jones Carwell, was indicted for murder in the first degree in that on May 30, 1961, he did unlawfully and from a premeditated design to effect the death of one Alma Ree Cooper, did murder the said Alma Ree Cooper in Palm Beach County, Florida, by setting fire to and burning a dwelling house occupied at the time by said Alma Ree Cooper whereby she burned to death.
The appellant was tried and found guilty of murder in the first degree without recommendation to mercy. On December 28, 1961, the trial court adjudged the appellant guilty of murder in the first degree and imposed the death penalty. This appeal is from the judgment so entered.
The first question as stated by appellant is as follows:
“Where the corpus delicti is attempted to be proven by purely circumstantial evidence, the court must instruct the jury on circumstantial evidence, and particularly with reference to its weight and sufficiency.”
Examination of the record in this cause reveals that the following facts were established by uncontradicted testimony: About 12:00 o’clock on the night of May 30, 1961, Alma Ree Cooper lost her life in a fire that occurred in Griff’s rooming house in Pahokee, Florida. Dr. Hugh Dorch, the county medical examiner, testified that her death was caused by “burning and carbon *830 monoxide poisoning” and that “the fire was the physical agent that killed her.”
The victim’s landlady, Mrs. Jeffers, testified that when she became aware of the fire it was located directly in front of the door to the victim’s room and nowhere else. The landlady also testified that the door to the victim’s room was locked from the outside by means of a hasp and lock and that the lock appeared to be closed. Another tenant of the building, Mr. Sutton, testified that the fire originated in front of the door to the victim’s room and that he was unable, because of the fire, to answer the victim’s plea that he open her door which, he asserted, was locked from the outside. An expert witness testified that he had analyzed the remains of the piece of floor taken from immediately in front of the door to the victim’s room and that said remains contained a residue of a petroleum product.
The county deputy fire marshal testified that in the course of his investigation ■of the scene of the fire immediately after it had been extinguished, he discovered a pool of greasy water at the doorway to the victim’s room. The marshal testified it was his opinion that the fire originated in or around the victim’s doorway.
Bernard Andrews, a filling station operator, testified that he sold the appellant 780 worth of gasoline in a square oil can shortly before the fire started.
Upon completion of all of the testimony as detailed above, the state introduced appellant’s confession into evidence. Although not specifically so stated, one of the appellant’s principal points on appeal is that the above testimony does not constitute sufficient proof of the corpus delicti to justify the court’s admission of the confession into evidence.
The general rule is that corpus delicti is composed of the fact of death,, the criminal agency of the one who caused the death and the identity of the deceased. Hulst v. State, 123 Fla. 315, 166 So. 828; Deiterle v. State, 101 Fla. 79, 134 So. 42; Lee v. State, 96 Fla. 59, 117 So. 699.
Appellant contends that all these elements of corpus delicti were established by circumstantial evidence. We do not think so. The testimony of witnesses W. L. (Buck) Lee and Dr. Hugh Dorch established the fact of Alma Ree Cooper’s death. The testimony of Lee, Dorch and Jeffers established the identity of Alma Ree Cooper and that her death resulted from the criminal agency of another was strongly supported by Jeffers’ testimony in that she testified that the door between deceased’s room and the hall was locked from the outside where the fire started. State witness Sutton, whose room was adjacent to that of the victim, testified that when he became aware of the fire he ran into the hallway and found that the fire was concentrated in front of the victim’s door and that there was no fire anywhere else. Sutton also testified that the victim importuned him to open the door because it was locked from the outside.
 In the light of the foregoing testimony, there was in fact no basis for a charge on circumstantial evidence. Then it does not appear that appellant attempted to save his alleged errors by compliance with § 918.10(4), Florida Statutes, F.S.A., so he is not in position to complain. It further appears that appellant did not take advantage of the rule relating to circumstantial evidence announced in Leavine v. State, 109 Fla. 447, 147 So. 897. For these and other reasons the question must be answered contrary to the contention of appellant, or we would say that the corpus delicti was established.
Appellant treats his second and third points together. We will follow the same procedure. Points two and three are as follows:
“POINT TWO
“If a purported confession is given under circumstances explained by the *831 defendant showing fear, coercion, and duress, whether directed to him or members of his immediate family, such confession should be excluded and certainly not used to establish the corpus delicti.
“POINT THREE
“It is error to admit into evidence a confession given by reason of threats made by officers of the law toward members of the immediate family of the defendant.”
Appellant’s theory of this case is that his confession was extracted from him by coercion,, threats, duress and other unlawful or offensive means. He says that all the circumstances surrounding the confession establish this fact. We find nothing in the record to support this contention. There is nothing to support such an assumption, but on the other hand, we find that the confession was fairly, voluntarily and lawfully secured.
Appellant contends that where the corpus delicti is attempted to be established by purely circumstantial evidence, the court must instruct the jury on circumstantial evidence in particular with reference to its weight and sufficiency. This contention is likewise without merit because it is clear from the testimony the corpus delicti was established principally by direct testimony of witnesses to the event and by direct testimony of those who inspected the physical evidence before the court. Under the facts of this case, an instruction on circumstantial evidence would have been superfluous and confusing rather than illuminating. It should further be noted that the appellant’s counsel did not request such an instruction until after the jury had found defendant guilty of murder in the first degree and that his obj ection at that time was a general obj ection to the charge which was given by the court and did not specify with particularity that portion of the judge’s charge to which he objected. In this respect it should be noted that § 918.10(4), Florida Statutes, F.S.A., provides:
“No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he obj ects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
These two points of appeal also affect the voluntariness of the appellant’s confession which was introduced into evidence. Epitomizing, the appellant contends that his confession was the product of coercion and duress directed both to himself and to his mother. A careful review of the testimony of the state’s witnesses and of the appellant’s own testimony on this point reflects that the appellant was meticulously cautioned as to his rights before he confessed and of the effect of such a confession; that the confession was stenographically recorded' and at a later time read to the appellant under circumstances which gave him an opportunity to read at the same time and that he voluntarily and without duress signed this confession. Although the appellant specifically stated that he signed the confession because one of the deputy sheriffs told him he “would make it light on me” if he confessed and that if he didn’t, “he was going to make it hard for my family and if I didn’t he was going to take me in that little room and ‘whop’ me,” the testimony of the law enforcement officers and the inconsistency of appellant’s testimony on this^ aspect of the case clearly show that his confession was made freely and voluntarily and therefore was admissible.
Appellant’s confession as it was read to the court shows that on the night of the fire he purchased gasoline that he used to burn the house where the victim lived and that he poured part of the gasoline in front of the victim’s door in the Griff building; that he then struck a match to it, igniting the fire which eventually took Alma Ree Cooper’s *832 life. Appellant concluded liis confession by-stating that he turned and walked away from the fire which he had started. Appellant stated he had started the fire because the victim would not stay with him.
Appellant’s fourth point is as follows: “Where the entire evidence in a criminal case charging murder in the first degree is based upon circumstantial evidence, the trial court should thoroughly instruct the jury as to the weight and sufficiency of circumstantial evidence regardless of the fact that a purported confession has been admitted in evidence, particularly where such confession was alleged to have been secured by force, intimidation, threats, or other acts showing such confession not to have been freely and voluntarily given.”
What has been said in support of the state’s case on the previous questions is sufficient to foreclose the fourth question contrary to the contention of appellant. We find no substance to appellant’s contention that the trial court should have instructed the jury on circumstantial evidence. Appellant’s confession was the most damaging evidence against him. True,, he went on the stand and testified that it was secured by coercion and duress but we find nothing in the record to support such a contention, the jury did not believe it and there is ample showing to support their finding.
In reality there is very little in this case but the question of whether or not the evidence is sufficient to support the verdict and judgment. As § 924.32, Florida Statutes, F.S.A., requires us to do, we have carefully reviewed the testimony and we find that it amply supports the judgment appealed from that no harmful error was committed, so the challenged judgment must be, and is hereby, affirmed.
Affirmed.
ROBERTS, C. J., and TERRELL,, THOMAS, DREW, THORNAL and CALDWELL, JJ., concur.