WALDEN, Chief Judge.
Defendant was convicted of the second degree murder of his wife. He appeals, contending that the corpus delicti was. not established. More particularly, he raises a single point, namely: “Whether the identity of the deceased as the person named in the indictment was established beyond a reasonable doubt?”
We are persuaded after assessment that the question must be answered in the negative and the judgment appealed must be reversed.
As a preface, the case of Freeman v. State, Fla.App.1958, 101 So.2d 887, 888 *493 gives us the definition and application of the term corpus delicti as follows:
“The term ‘corpus delicti’ connotes the body of the offense, or, otherwise stated, the substance of the crime. 26 Am-Jur. section 6, p. 159. As applied to homicide cases in the Florida jurisdiction, the corpus delicti consists of three essential ingredients : (1) the fact of death, (2) the existence of the criminal agency of another person as the cause of death, and (3) the identity of the deceased. Hulst v. State, 1936, 123 Fla. 315, 166 So. 828; Deiterle v. State, 1931, 101 Fla. 79, 134 So. 42; and Lee v. State, 1928, 96 Fla. 59, 117 So. 699.” (Emphasis added.)
Further, the Freeman case, supra, sets forth the quantum of proof required for the establishment of the corpus delicti as follows:
“The corpus delicti may be established either by direct or circumstantial evidence. When circumstantial evidence is resorted to, the proof must be the most convincing, satisfactory, and unequivocal proof that is compatible with the nature of the case. Regardless of whether the evidence is direct or circumstantial, the proof of the component elements of the corpus delicti must be established beyond a reasonable doubt. See the three preceding cited cases.” (Emphasis added.)
The facts reveal a scuffle between defendant and his wife over a gun in the presence of witnesses. Defendant shot his wife. An ambulance was called. When the ambulance left the scene it is clear and undisputed that the wife was alive. While some witnesses later opined that the wife was dead, no testimony was elicited which reflected that the body of the wife was identified after death or that any witness viewed the body after death. Every identification was made while the wife was living.
The position of the defendant before the trial court and this court is accurately portrayed by the statement of defendant’s counsel at the time he moved for a directed verdict:
“MR. HAYES: At this time, Your Honor, the defendant will move for a directed verdict in that the State has utterly failed to- meet one of the three essential requirements in proving their case. The three items are fact of death, which we concede has been proved; the criminal agency of another, at least prima facie has been proved; there hasn’t been one word of testimony other than what Mr. Fogan stipulated Doctor Hau-gen was not testifying for, as to the identity of the deceased after she was dead.
“There has been no witness brought here to the stand to say they went to the morgue and pointed her out. There have been no pictures of the deceased in the morgue brought and identified, so the only thing we have is while she was wounded, apparently some time after she was shot and still living, she was identified.
“This was made more compelling by the insurance man, Mr. Hanson’s statement that the last they saw of her was putting her in the ambulance, he felt her pulse and she was still living.
“Now after she was taken to the hospital then the next thing we hear is Doctor Haugen doing the autopsy, but she has not been identified and we know that Doctor Haugen did not identify her.
“There has been, no one to come and take the stand under oath and say that after she was pronounced dead, they pointed her out as the deceased.
“The information of course charges that the deceased was Paulette Johnson. The only identification was made before. In fact, we don’t even have a time of death. I don’t know if she died on the way, I don’t know if she died in surgery. I don’t know if she died in the hospital or where she died. But there has been no testimony to date as to the identity of the deceased after death.”
*494 The proof of the identity of the deceased must be established beyond a reasonable doubt and, if circumstantial evidence is resorted to, the proof must be the most convincing, satisfactory, and unequivocal proof that is compatible with the nature of the case. Freeman v. State, supra. Here, we are not faced with a case where the body of the deceased has been destroyed, mutilated or lost so that, compatible with the nature of such circumstances, a less degree of proof could be deemed convincing and satisfactory. In the case sub judice it would have been a manifestly simple and commonplace undertaking to establish the identity of the deceased.
Under the circumstances we declare as a matter of law that the essential ingredient of the corpus delicti, the identity of the deceased, was not established. See Harris v. State, 1929, 155 Miss. 398, 124 So. 493; Bolden v. State, 1918, 140 Tenn. 118, 203 S.W. 755; and People v. Smith, 1921, 55 CaLApp. 324, 203 P. 816.
Reversed.
ANDREWS and CROSS, JJ., concur.