232 So.2d 767 (1969)
Billy M. YORK, Appellant,
v.
STATE of Florida, Appellee.
No. 1997.
District Court of Appeal of Florida. Fourth District.
November 14, 1969.
Rehearing Denied April 10, 1970.
Benjamin T. Shuman of Waterhouse & Shuman, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was charged with murder in the second degree. Found guilty by jury of manslaughter, he was duly adjudged and sentenced. He appeals. We affirm.
Challenged is the sufficiency of the proof in establishing the identity of the decedent. But, defendant did not object to the bulk of the identification testimony. While he hade a motion for a new trial, he abandoned it when he filed a notice of appeal while his motion was pending. Perez v. City of Tampa, Fla.App. 1966, 181 So.2d 571; State ex rel. Faircloth v. District Court of Appeal, Third District, Fla. 1966, 187 So.2d 890. Thus, nowhere did he put the sufficiency of the evidence in issue before *768 the trial court by motion for directed verdict, motion for new trial, or otherwise. This omission is fatal to defendant's position and he cannot now for the first time raise the question of insufficiency of evidence. State v. Wright, 224 So.2d 300, Supreme Court of Florida opinion filed June 18, 1969; Kimble v. State, Fla.App. 1968, 208 So.2d 471; Jones v. State, Fla.App. 1968, 212 So.2d 804; Gilbert v. State, 1941, 148 Fla. 293, 4 So.2d 330.
Next, defendant is aggrieved by a clause found in the court's charge on self defense.
F.S. Section 918.10(4), F.S.A., provides:
"(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." (Italics supplied.)
The form of defendant's objection was as follows:
"MR. CLEVELAND: For the record, Comes now the Defendant, by his Counsel, and objects to every general charge given by the Court and to the failure of the Court to give every requested charge by the Defendant."
This objection obviously is most general and fails to specifically call attention to the matter to which defendant objected and totally failed to advise of the grounds. When considered in the light of the volume and varied content of the court's whole charge it is seen that it grossly failed to apprise the trial court of the real objection in order that it might be considered upon its merits and a proper and reasoned ruling made. If such objection were approved as sufficient, it would enable counsel to cloak and conceal a meritorious objection from the trial court which, had it been revealed with specificity, would have allowed the trial court to eliminate the objection and possible error. Used in this fashion the adroit defendant could build error into the record and so have insurance against an unfavorable verdict. Busy trial judges have enough to do in attempting to conduct trials in accordance with law without having to play guessing games with counsel as to the true basis and nature of their objections. We hazard that had counsel given the trial court anything like the same opportunity that he has given this court to learn the nature of his objection, then surely the matter would have been remedied and this facet of the appeal eliminated. We reject this assault upon the instruction because of the failure to properly object upon authority of Peel v. State, Fla.App. 1963, 154 So.2d 910; Carswell v. State, Fla. 1963, 154 So.2d 829.[1]
Defendant asks us to ignore his failure to preserve the alleged errors and to consider them for the first time here as fundamental error. The defendant's liberty being at stake, we have reviewed the record and particularly the evidence as to the identity of the decedent and the whole charge given to the jury and conclude that such error does not appear and that the judgment and sentence should be affirmed.
Affirmed.
OWEN, J., and FARRINGTON, OTIS, Associate Judge, concur.
NOTES
[1] But see San Fratello v. State, Fla.App. 1963, 154 So.2d 327, in dicta says a general objection is sufficient.