REED, Judge.
The defendant appeals from a conviction for second degree murder. The issue before us is the sufficiency of the evidence to support the conviction.
An information was filed in the Court of Record for Broward County, Florida, which charged that the defendant killed one Osvaldo B. Quinones without premeditated design. Pursuant to a motion for a bill of particulars, the State specified that the offense took place between the hours of 10:00 p. m. on 9 January 1968 and 7:30 a. m. on 10 January 1968 within a four block radius of 28th Avenue and Plunkett Street in Hollywood, Florida. The defendant entered a plea of not guilty and was tried in July of 1968. The jury returned a verdict of guilty after which the defendant made a motion for a new trial which was denied. The defendant was adjudicated and sentenced to thirty years in prison.
The evidence upon which the conviction rests is entirely circumstantial. While the conviction of a crime may rest upon circumstantial evidence, such evidence must be of a conclusive nature and lead to the conclusion that the accused and no one else committed the offense. It is not sufficient that the evidence creates a probability of and be consistent with guilt. The evidence must be inconsistent with innocence. In Frank v. State, 1935, 121 Fla. 53, 163 So. 223, the court said:
“Circumstantial evidence is always insufficient, where, assuming all to be proved which the evidence is to prove, some other hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of proof.” (Emphasis added.)
In Davis v. State, Fla.1956, 90 So.2d 629, the court said:
“Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.”
The present record when viewed most favorable to the State indicates that the defendant and one Osvaldo Quinones *234 were seen together in Quinones’ red Thunderbird automobile in Miami, Florida, at 10:00 p. m. on an evening in January, 1968. This was said to have been the last day Quinones worked, although there is no testimony as to the date. The evidence also indicates that at about 11:30 p. m. on 9 January 1968 the defendant appeared at the house of one Luis Gutierrez in Hollywood, Florida, and asked him for a ride to Miami. While on route to Miami the defendant told Gutierrez that he “had just killed a man”. The defendant displayed a pistol to Gutierrez, but did not say whom he had killed or where the killing had occurred. The defendant did say, according to Gutierrez, that the killing took place far from Gutierrez’ house. At about 7:00 a. m. on the following morning, the morning of 10 January 1968, a body was found in a red Thunderbird automobile parked near the intersection of Plunkett and 28th Street in Hollywood, Florida. This was about a block from Gutierrez’ house. An autopsy was performed on the body by a Broward County medical examiner who testified as an expert witness that the death occurred at approximately 12:30 a. m. on the morning of 10 January 1968 and that this estimate was accurate within one hour either way. The medical examiner testified that death was caused by a bullet which entered the brain from the right side. There were singe marks on the hair of the victim’s head in the vicinity of the point where the bullet entered.
Mrs. Edith Campbell, a witness for the State, testified that she lived at Plunkett and 28th Street in Hollywood, Florida. On the evening before the body was found, she heard what sounded to her like a gunshot. She stated that this was “just a couple minutes before midnight”.
While the evidence presented by the State may have raised a probability that the defendant murdered Osvaldo Quinones, wc are of the opinion that the evidence presented by the State also is consistent with several hypotheses that the defendant is innocent of the slaying attributed to him. It is possible to infer from the evidence that the defendant killed somebody other than Osvaldo Quinones since there is no evidence which necessarily links the defendant with the shooting of Quinones. There were no fingerprints found on the vehicle in which the body was found nor was a murder weapon found and related to the defendant. Nor was the defendant shown to have had a motive for the killing. The admission which the defendant allegedly made to Gutierrez with respect to a killing embodied a statement that the killing took place a long way from Gutierrez’ house. Physical evidence presented by the State shows that the victim was found within a block of Gutierrez’ house. In addition, the state’s main witness, Luis Gutierrez, and his wife both testified that the defendant appeared at their house at about 11:30 in the evening. Another of the state’s witnesses, Mrs. Campbell, testified that she heard what sounded to her like a gunshot a few minutes before midnight on 9 January 1968. It is possible to infer from this combination of testimony that the defendant was in the Gutierrez home at the time the victim was killed.
We conclude that the circumstantial evidence in the present case did not eliminate all reasonable hypotheses of innocence. Accordingly the cause is remanded for a new trial pursuant to the authority vested in us by Section 924.36, F.S.1969, F.S.A.
Because the cause is to be remanded for a new trial, we think that it may be appropriate to comment on what appears to be a fundamental error, although we do not base our decision on it. From our examination of the record we find no competent substantial evidence which identified the body as that of Osvaldo B. Quinones, the person whom the defendant allegedly murdered. The only testimony that approaches an identification of the body is found in the state’s rebuttal testimony by an Officer Callahan of the Hollywood Police Department. In testifying with respect to an interview which he *235 had with Luis Gutierrez, the state’s main witness, Officer Callahan said:
“Q. What was the statement, generally what was it in relation to ?
“A. In relation to a shooting that occurred.
“Q. Who was the victim ?
“A. Osvaldo Quinones.”
This testimony does not amount to competent evidence because it was not preceded by predicate testimony showing that Callahan ever saw the body or recognized the body or by any other means identified the body. Hence it appears that the State has failed to prove the identity of the deceased. Identity is an essential element of the corpus delicti in homicide cases, with possible exceptions not pertinent here. See Johnson v. State, Fla.App.1967, 201 So.2d 492 and cases therein cited.
The sentence appealed from is vacated, the judgment reversed, and the cause remanded for a new trial.
McCAIN and OWEN, JJ., concur.