HENDRY, Judge.
Defendant-appellant Sweetser was informed against for second degree murder. He was convicted, pursuant to a jury verdict, of third degree murder, and he was sentenced to twenty years imprisonment.
Appellant’s points on appeal are that the court erred in denying his several motions for mistrial based upon allegedly improper cross examination, attacks upon his character where it had not been put in issue and an allegedly improper comment by the prosecution as to a prior judicial ruling on the admissibility of defendant’s statements. Lastly, he urges that the court erred in finding sufficient evidence of the corpus delicti because the state failed to establish a criminal agency as the cause of death.
The state’s opening remarks as to the defendant’s pending eviction from the hotel where he then resided and his cross country trip on stolen credit cards prompted motions for mistrial, which were denied. Later, motions to suppress certain statements made by the defendant were also denied.[1]
The testimony reflected that the cause of death was through drowning but that the deceased had been struck on the head prior to his death. Testimony also showed that the defendant and the deceased had been drinking together. A Metro public safety officer stated that from the condition of the bank of the canal where the body had been discovered, someone had been pushed or had fallen in the canal.
During the testimony of Sgt. Delebout of the Salt Lake City, Utah, Police Department, the prosecutor remarked as to a judicial ruling on the admissibility of the defendant’s statements. A motion for mistrial on those grounds was denied.
Defendant testified in his own behalf, generally that he had been hit on the head and did not remember much else. He did not know whether the deceased, with whom he had been drinking on the fatal day, was *289 dead or alive. He turned himself in to find out what happened.
On cross-examination he was asked if he had been convicted of a crime. He said, “no” and was asked if he had been convicted of breaking and entering. A curative instruction was given. Also, a stipulation was entered into and presented to the jury that the defendant had not been convicted of a crime. The motion for mistrial was denied.
We express the view that the appellant-defendant has failed to demonstrate reversible error, for it is his burden to make such error appear.
Questions and answers directed to prior convictions are properly circumscribed under the procedures outlined in Mead v. State, Fla.1956, 86 So.2d 773. The prosecutor’s conduct which departs from that procedure may warrant reversal of the judgment of conviction. However, in an analogous situation, where that conduct is forestalled by proper objection which is sustained, the conviction may not be reversed. Morton v. State, Fla.App.1968, 205 So.2d 662.
Our conclusion is in accordance with the general principles that granting or denying a mistrial is a matter of judicial discretion and that one should not be granted except for absolute legal necessity. E. g., Reis v. State, Fla.App. 1971, 248 So.2d 666. Defense counsel here requested and received, and properly so, a curative instruction and in addition, a stipulation from the prosecution. The conduct complained of was not so harmful that its effect could not have been removed by the instruction and stipulation. In view of this curative instruction and stipulation we find that the court was correct in denying a motion for mistrial. See: Richardson v. State, Fla. App.1971, 248 So.2d 530. The remaining contentions as to the alleged errors in failing to grant a mistrial are either refuted in the record or found to be harmless error, and, in addition, the court’s refusal to grant the requested mistrials are authorized under the rules and authorities cited in this paragraph concerning exercise of the trial court’s discretion.
In the record here, medical testimony established that the cause of death was related to the blow.[2] Further medical evidence and an in-court demonstration was to the effect that the tip of a tire iron matched a depressed fracture of the skull of the deceased. Further, that lacerations on the head were consistent with repeated blows from an instrument like a tire iron.
The last point presented for reversal is that there was an absence of sufficient competent evidence to establish the corpus delicti because the state failed to establish a criminal agency as the cause of death. The state did not have to produce an eye witness to the death to establish the corpus delicti. The record contains sufficient evidence indicating violence associated with the death, and that the blow materially contributed to the cause of death.
*290 In Schneble v. State, Fla.1967, 201 So.2d 881,[3] at pp. 883-884, Justice Caldwell, writing for the court explained:
“Appellants contend the corpus delicti was not established by evidence independent of the admissions on the part of the defendant Schneble. While it is true that, before a confession may be received in evidence there must be some independent proof, either direct or circumstantial, of the corpus delicti, it need not be proved beyond a reasonable doubt, it being enough if the evidence tends to show a crime was committed. The question is whether the evidence of corpus delicti is prima facie sufficient to authorize the admission of the confesson. The record here discloses, among other pertinent facts, that hair and blood were found in the automobile and that Maxine Collier, the deceased, had left New Orleans with the two defendants and had subsequently disappeared.”
In Oliver v. State, Fla.App.1970, 239 So. 2d 637, at p. 640, reversed on other grounds, Fla.1971, 250 So.2d 888, a similar contention by the appellant was rejected:
“Appellant places great emphasis on the contention that the trial court erred in denying his motion to suppress certain admissions and confessions made by him prior to trial, and in permitting such admissions and confessions to be received in evidence over his objection. He argues that initially the confessions were not admissible because there had been no prior proof of the corpus delicti. There is competent evidence in the record from which the jury could have reasonably concluded that the corpus delicti had been adequately proved by the State in accordance with the standards prescribed by our Supreme Court in the case of Schneble v. State.” [Footnote omitted.]
Frazier v. State, Fla.1958, 107 So.2d 16, 26 involved death by drowning where no
independent eye witness was present, and because the defendant was tied to the scene by tangible evidence, the corpus delicti was established. Evidence tied defendant with the decedent at the times and places in question.
Therefore, the conviction is affirmed.
Affirmed.

. The motion to suppress was directed toward two statements which Sweetser made to Sgt. Delebout at the Salt Lake City, Utah. Police Station: “ ‘I’m wanted for murder in Florida,’ ” and “ T killed a man and took his truck and it’s outside.’ ”

.
'‘Q Doctor, are you able to state within a degree of reasonable medical certainty the cause of death of the body which you have previously testified to?
“A Yes, sir. Well, the cause of traumatic head and neck rose from a blunt force.
“Q And, Doctor, the presence of the water or muddy substance present in the lungs, does this have any bearing on your determination for cause of death?
“A Yes, sir. To the extent that this individual tentatively did die aspirating the muddy fluid which I just mentioned.
“Q Doctor, injuries which were inflicted to the head which you previously testified to resulting in a hemorrhage in the frontal area, would that in and of itself cause the death of the deceased with any degree of medical certainty?
“A Well, it will cause unconsciousness. That is why I had written out death occurred due to traumatic injuries of the head and neck which killed the individual.”

. Vacated on other grounds, 392 U.S. 298, 88 S.Ct. 2067, 20 L.Ed.2d 1116 (1968) after remand Fla.1968, 215 So.2d 611, cert. gr. 403 U.S. 952, 91 S.Ct. 2279, 29 L.Ed.2d 863 (June 28, 1971).