288 So.2d 216 (1974)
Paul Arthur VAILLANCOURT, Appellant,
v.
STATE of Florida, Appellee.
No. 42370.
Supreme Court of Florida.
January 9, 1974.
*217 James A. Gardner, Public Defender, Elliott C. Metcalfe, Jr., and E. Earl Taylor, Jr., Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant was convicted of first degree murder and sentenced to death. We modified this sentence to life imprisonment and retained jurisdiction for consideration of the points raised on appeal in Anderson v. State, 267 So.2d 8 (Fla. 1972). After having carefully considered the briefs filed on behalf of the appellant and the State of Florida, we dispense with oral argument pursuant to Rule 3.10, Florida Appellate Rules, 32 F.S.A., and affirm the conviction.
Appellant has contended that his taped confession was improperly admitted into evidence because it was the fruit of a prior untaped and untranscribed statement made by him which was allegedly involuntary. It is claimed that the first statement was inherently coercive because it was made without the benefit of Miranda warnings and because the sheriff to whom the statement was made told the appellant that he wanted to help him, but didn't know if he could, and that he wanted the appellant to tell him what happened. Appellant claims that the taped statement, made three hours after the first statement and after proper Miranda warnings, was tainted by the alleged illegality of the first statement. The taped statement contained specific warnings to the appellant that he had the right to remain silent, that anything he said could and would be used against him in court, that he had the right to talk to an attorney and have him present while being questioned, that if he could not afford a lawyer one would be appointed to represent him prior to any questioning if he wished, and that any time during the questioning he wished to have a lawyer or to stop talking, the questioning would cease. The appellant stated that he understood each of the rights explained to him. We have noted from the record, also, that Miranda warnings were given to the appellant *218 on at least four other occasions prior to the making of his first statement. We hold that appellant's contentions in this regard are without merit and are controlled by our decision in State v. Oyarzo, 274 So.2d 519 (Fla. 1973).
Appellant contends that his confession should not have been admitted into evidence because the prosecution had not established, prima facie, the corpus delicti of the crime. Specifically, appellant argues that the fact of the death of the victim by a criminal agency was not so established independently of the confession. The doctor who performed the autopsy on the body of the victim had testified as to his conclusion that death had been caused by strangling or suffocation, but appellant argues that the doctor's testimony was the only evidence which tended to prove death by a criminal agency and that this testimony was speculative and inconclusive. We note, however, that the doctor was established to be qualified and competent and that he held firmly to his conclusion despite extensive cross examination. The doctor did testify that he reached his conclusion by a process of elimination and that he eliminated natural causes of death partly on the basis of the victim's state of health and previous medical history related to him by investigating officers. Such factors, however, do not render the doctor's conclusion incompetent; they merely affect the weight to be given his testimony  a determination which must be made by the trial court in deciding whether the corpus delicti has been prima facie established and by the jury in deciding guilt or innocence.
Appellant also contends that his conviction was contrary to the law and the evidence in that no independent proof, besides his confession, established the corpus delicti of the crime, citing the following statement of law from Mitchell v. State, 45 Fla. 76, 33 So. 1009 (1903):
"[A] conviction for murder may be had upon the voluntary extrajudicial confession of the accused that he committed the crime, where the corpus delicti is proven by other credible evidence, and the jury believe that such confession was made by the accused, and that it is true... ."
We see little distinction between this argument and that discussed just above. The statement of law quoted from Mitchell v. State, supra, does not require that the elements of the corpus delicti of a crime be proven beyond and to the exclusion of a reasonable doubt without regard to an extrajudicial confession. It is simply another statement of the rule that the corpus delicti must be established prima facie by other credible evidence, and the credibility of the evidence is for a jury to determine.
The appellant having demonstrated no reversible error, his conviction for murder in the first degree and modified sentence of life imprisonment are hereby affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.