358 So.2d 1160 (1978)
Carl EIERLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1163.
District Court of Appeal of Florida, Third District.
May 16, 1978.
Rehearing Denied June 9, 1978.
Martin S. Saxon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
The defendant Carl Eierle appeals a conviction for first degree murder and a life imprisonment sentence after a jury trial before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant makes two contentions on appeal: (1) a judgment of acquittal should have been entered upon motion because the evidence was insufficient to establish that the death of the deceased was caused by the criminal agency of another, and (2) the medical examiner's testimony at trial that the deceased met her death through suffocation or strangulation was inadmissible in evidence. We cannot agree with either contention and affirm.
A careful review of the record reveals that the deceased wife of the defendant was discovered dead by the police lying face down in a cemented septic tank eighteen inches below the ground in a freshly dug area in the defendant's back yard. The defendant had been seen by a neighbor shortly prior thereto digging in the area. The defendant also had threatened to kill the deceased and was last seen in her company shortly prior to the discovery of the dead body. An autopsy was performed and according to the medical examiner the deceased met her death by suffocation or *1161 strangulation. This was more than sufficient evidence to establish that the deceased met her death through the criminal agency of another. Sweetser v. State, 258 So.2d 287 (Fla.3d DCA 1972); Freeman v. State, 101 So.2d 887 (Fla.2d DCA 1958).
As to the admissibility of the medical examiner's testimony, a review of the record shows that the witness was a qualified pathologist, that he conducted a thorough autopsy on the deceased's body, and that by a process of elimination he concluded, based on a reasonable medical certainty, that the deceased had died from suffocation or strangulation. He found no evidence of disease, trauma to the body, obstruction to the throat, drugs, insect or snake bites. He did state on cross-examination that he regarded his opinion as a "guess", but he clarified this testimony on redirect examination by stating that this was his opinion based on a reasonable medical certainty.
A medical witness may reach a conclusion by the process of elimination through excluding natural causes of death. This process of elimination will not render the witness' conclusion inadmissible, but merely affects the weight to be given his testimony which must be determined by the jury. Vaillancourt v. State, 288 So.2d 216 (Fla. 1974).
The judgment of conviction and sentence appealed from is affirmed.