452 So.2d 529 (1984)
Phillip ATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 61851.
Supreme Court of Florida.
June 7, 1984.
Rehearing Denied July 26, 1984.
*530 Jack T. Edmund and Marshall Slaughter of Edmund & McDaniel, Bartow, for appellant.
Jim Smith, Atty. Gen. and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case is an appeal from a judgment of conviction of a capital felony for which a sentence of death was imposed. Appellant was convicted of first-degree murder and kidnapping. This Court has jurisdiction of his appeal. Art. V, § 3(b)(1), Fla. Const.
A major item of evidence against appellant was his own confession, but it was corroborated by other testimony and evidence adequately proving appellant's responsibility for the crimes. The evidence showed that on the afternoon of September 23, 1981, witnesses saw six-year-old Antonio Castillo getting into appellant's car in the street in front of their respective homes. Appellant lived with his parents and the boy Antonio's family lived in the same immediate neighborhood. Other witnesses testified that later in the evening they saw appellant carrying an injured boy and putting him in his car. This took place on an unpaved road in a wooded area. Still later the same evening, the boy was found lying unconscious on a dirt road adjacent to *531 a railroad yard. The child was taken to a hospital where he was pronounced dead and was identified. He died from brain injuries caused by multiple severe lacerations of the head. The evidence showed that after killing the boy appellant returned home. Later that evening, law enforcement authorities located him and took him to police headquarters for questioning. Upon interrogation, appellant confessed.
Appellant's confession to police officers was tape-recorded. The recording was played back to the jury at the trial. In that statement, appellant said that he was driving down the street when the boy waved at him, so he stopped and the boy got in the car. They went to a nearby park and watched a baseball game; then they went to a wooded area where appellant engaged in two separate sexual acts with the boy. According to appellant's story, these acts took place with the boy's consent. Appellant said that afterwards he believed from the way the boy was acting that he would tell his parents about what had happened, so appellant decided to kill the boy. Appellant stated that he struck the boy several times with a steel pipe that he had in his car. After beating the child thus, appellant threw the length of pipe away and departed the area. Before leaving he encountered some people who saw him carrying the boy back to his car. He proceeded to another secluded area, the railroad yard, and dragged the boy out of the car. Since the boy was still alive at this time, appellant said, he struck him several more times with his fists and then left him.
Appellant was indicted for first-degree murder, kidnapping, and two counts of sexual battery upon a child. At the close of the state's evidence, however, the trial court granted a judgment of acquittal as to the sexual battery charges on the ground that there was no proof of the existence of those offenses independent of appellant's statement.
Appellant contends that his pre-trial motion to suppress evidence, including his statement to police, should have been granted on the ground that his consent to be questioned and his consent to the search of his room and car were the products of an illegal arrest and were therefore invalid. He cites Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Implicit in the making of this argument is the legal premise that appellant's arrest was illegal. Appellant's argument in this regard is without merit. The evidence presented at the hearing affirmatively established that at the time the officers detained appellant they had probable cause to believe he had committed murder and had the right to arrest him without a warrant. See Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). Taken together, the information from the neighbors who saw the boy get in appellant's car, from the witnesses who saw appellant with the injured boy and told police the automobile tag number, and from the parents who identified the dead boy at the hospital, was sufficient to provide probable cause to arrest appellant for murder. When police officers arrived at appellant's home, they were invited into the yard and summoned to the rear entrance by appellant's father or brother. The officers found appellant sitting outside the house on the back doorstep. See United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). They did not enter the home. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Justus v. State, 438 So.2d 358 (Fla. 1983).
Appellant's second argument regarding his pre-trial statements and waivers of constitutional rights is that they were invalid because he was intoxicated at the time of his arrest and could not make a knowing and intelligent waiver. Appellant testified at the hearing that he had consumed several large cans of beer and had *532 taken a qualude during the afternoon and evening of the murder. His father testified that he and appellant's mother had tried to persuade appellant not to leave home that evening because of concern for his intoxication. The officers who arrested appellant testified that he was coherent and appeared to be in full control of his faculties. All the officers who testified that they had contact with appellant, including those who interrogated him later that night, testified that he behaved normally and acted and spoke rationally. The crimes took place between six and eight o'clock in the evening. Appellant was not arrested until after eleven p.m. and not interrogated until around two a.m. Even if appellant had been under the influence of alcohol earlier in the evening, this would not establish that he was so intoxicated at the time of his later consents to searches, his waiver of the right not to answer questions, and his incriminating statements, as to render them ineffective.
All of appellant's remaining points on appeal pertain to the sentencing process and the sentence of death. We have concluded that one of these legal points has merit and requires that appellant be resentenced. We need not treat the merits of any of the other challenges to the judge's findings since the trial court will be required to reconsider and reweigh his findings.
The trial court found that the murder was committed "while the defendant was engaged in the commission of [or flight after committing] a Sexual Battery." As was indicated at the outset appellant was initially charged with murder, kidnapping, and sexual battery. At the close of the state's case, the court granted the defendant's motion for judgment of acquittal on the charge of sexual battery. The appellant's pre-trial statement, admitted into evidence at trial, indicated that sexual battery had occurred, but there was no physical evidence to so indicate. Therefore the court entered judgment of acquittal on the ground that there was no independent proof of the corpus delecti. However, the court later ruled that the confession was a sufficient basis to establish that sexual battery had occurred for purposes of finding that the murder was committed while engaged in or following a sexual battery, an aggravating circumstance under section 921.141(5)(d), Florida Statutes (1981).
In proceedings held under section 921.141 for determination of the appropriate sentence upon conviction of a capital felony, aggravating circumstances must be proven beyond a reasonable doubt before they may properly be considered by judge or jury. Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981); Williams v. State, 386 So.2d 538 (Fla. 1980); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). The sentencing judge in the present case found that even though a sexual battery conviction was not proper due to lack of proof of corpus delecti, it was nevertheless appropriate to consider that a sexual battery had taken place for purposes of finding a statutory circumstance in aggravation of the murder.
In appellant's tape-recorded confession, he stated that he had committed sexual battery upon the boy. In fact, appellant's statement indicated that there were two separate acts of sexual battery, one oral and one anal. As was indicated above, the trial judge entered judgment of acquittal on the charge of sexual battery on the grounds that there was no corroboration of the confession and that a confession alone may not be relied upon to establish the corpus delecti. See State v. Allen, 335 So.2d 823 (Fla. 1976); Vaillancourt v. State, 288 So.2d 216 (Fla. 1974); Deiterle v. State, 101 Fla. 79, 134 So. 42 (1931); Mitchell v. State, 45 Fla. 76, 33 So. 1009 (1903). At the sentencing phase of the trial, the judge reasoned that if there had in fact been an anal sexual battery committed upon the boy, physical evidence thereof would have been revealed by examination of the boy's body. The judge therefore concluded that since there was no such physical evidence, the inclusion in appellant's *533 confession of reference to an anal sexual battery on the boy was the result of active mental fantasy on the part of appellant. Even though the evidence of an oral sexual battery, independent of appellant's confession, was equally lacking, the trial court nevertheless found the commission of an oral sexual battery as an aggravating circumstance based on the statement in appellant's confession. The only difference between the two crimes is that one of them, according to expert medical testimony, would inevitably have left physical evidence and the other would not have. We believe this is an inadequate basis for distinguishing the two purported crimes referred to in appellant's confession. Under these circumstances, we hold that the consideration of the occurrence of a sexual battery as an aggravating circumstance in the capital felony sentencing process was error.
The trial judge found evidence of some statutory mitigating circumstances: that appellant's past behavior did not show a significant history of prior criminal activity and that at the time of the murder appellant's capacity to conform his conduct to the requirements of law was substantially impaired. The judge also found that appellant suffered from a personality disorder, although not of sufficient gravity to constitute extreme mental or emotional disturbance at the time of the murder. Because some mitigating circumstances were established to the satisfaction of the trial court, the court's erroneous finding of an improper aggravating circumstance may have injuriously affected the process of weighing aggravating and mitigating circumstances. See Elledge v. State, 346 So.2d 998 (Fla. 1977). We therefore conclude that appellant's case must be remanded to the trial court for resentencing. Because we order plenary reconsideration by the trial court judge on the question of an appropriate sentence, we find that there is no need to comment on the remaining arguments appellant makes regarding his sentence.
The judgment of the circuit court, adjudicating appellant guilty of first-degree murder and kidnapping, is affirmed. The sentence of death, having been found tainted by the improper consideration of an erroneous aggravating circumstance, is vacated. The case is remanded to the trial court for reconsideration and the imposition of an appropriate sentence for the capital felony.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in the conviction, but dissents from the sentence.