629 So.2d 109 (1993)
Andrew Lee GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 78982.
Supreme Court of Florida.
November 10, 1993.
Rehearing Denied January 5, 1994.
*110 Gwendolyn Spivey, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Mary Leontakianakos, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Andrew Lee Golden appeals his conviction of first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Because we find that the state did not prove an element of the corpus delicti, i.e., death through the criminal agency of another, we vacate Golden's conviction and sentence and direct that he be released from custody.
At 3:30 a.m., September 13, 1989, a police officer spotted the body of Ardelle Golden floating in Lake Hartridge in Winter Haven. Golden's car was found submerged in the lake. On April 5, 1990 her husband, Andrew Golden, was indicted for her murder. He was arrested later that month in Minnesota and was returned to Florida in September 1990.
The following evidence came out at trial. Golden testified that he and his wife had been at Lake Hartridge the evening of the 12th, but had returned home around 11:00 p.m. His wife could not find her cigarette case and left to look for it and to purchase more cigarettes while he stayed home and went to bed. When Golden awoke early the next morning, he asked his elder son where his mother was. The son left the house shortly after 6:00 a.m. to look for her. Unable to find her, he returned home twenty to thirty minutes later, but left again to report that he would be late for school. Golden then telephoned the police to report his wife missing. Two detectives went to the Golden home and, while there, received a radio call informing them that a purse found at the scene of the drowning belonged to Golden's wife. The medical examiner testified that Mrs. Golden drowned and, on cross-examination, stated that nothing indicated her death was anything but an accident. Two detectives admitted on cross-examination that there was no evidence of foul play and that there were no indications that the death did not result from an accident.
The state introduced evidence that, although Golden initially denied he had any insurance, the family had more than $300,000 in insurance, was heavily in debt, and that Golden filed for bankruptcy after his wife's death. In closing argument the prosecutor argued that Golden drowned his wife and drove the car into the lake the evening of the 12th and that she never returned home; that Golden did this to collect life insurance on her; and that he forged his wife's signature on several applications for insurance. The jury convicted Golden and recommended that *111 he be sentenced to death, which the trial court did.
As he did before the trial court, Golden argues that the evidence is insufficient to prove that his wife's death resulted from the criminal agency of another person. We agree.
The corpus delicti of a homicide consists of three elements, i.e., "first, the fact of death; second, the criminal agency of another person as the cause thereof; and third, the identity of the deceased person."[1]Jefferson v. State, 128 So.2d 132, 135 (Fla. 1961); Lee v. State, 96 Fla. 59, 117 So. 699 (1928). The corpus delicti must be proved beyond a reasonable doubt.[2]Hodges v. State, 176 So.2d 91 (Fla. 1965); Jefferson; Lee; Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976). Moreover, when circumstantial evidence is used to prove the corpus delicti, "it must be established by the most convincing, satisfactory and unequivocal proof compatible with the nature of the case, excluding all uncertainty or doubt." Lee, 96 Fla. at 65, 117 So. at 702; Davis v. State, 90 So.2d 629 (Fla. 1956); Deiterle v. State, 101 Fla. 79, 134 So. 42 (1931). By its very nature, circumstantial evidence is subject to varying interpretations. It must, therefore, be sufficient to negate all reasonable defense hypotheses as to cause of death and show beyond a reasonable doubt that the death was caused by the criminal agency of another person. See State v. Law, 559 So.2d 187 (Fla. 1989); McArthur v. State, 351 So.2d 972 (Fla. 1977).
The finger of suspicion points heavily at Golden. A reasonable juror could conclude that he more likely than not caused his wife's death. In criminal cases, however, circumstantial evidence must establish that death was caused by the criminal agency of another beyond a reasonable doubt, which is a more demanding finding than that it likely occurred. We conclude that the state's circumstantial evidence is insufficient to meet this test and to overcome Golden's hypothesis that his wife's drowning resulted from an accident. There were no eyewitnesses to the death, and Golden never confessed or made anything but exculpatory statements. There was no evidence that relations between the Goldens were anything but affectionate and cordial. There were no wounds or other signs of violence on the body.[3] There was no proof to support the state's theory that he pushed her off the dock into the water. Thus, the state failed to prove beyond a reasonable doubt that Mrs. Golden's death resulted from the criminal agency of another person rather than from an accident.[4]Compare Driggers v. State, 164 So.2d 200 (Fla. 1964) (drowning, criminal agency of another not established); and Lee (same), with Dailey v. State, 594 So.2d 254 (Fla. 1991) (drowning victim had also been stabbed and strangled); Duckett v. State, 568 So.2d 891 (Fla. 1990) (drowning victim had been sexually assaulted and stabbed); Rutherford v. State, 545 So.2d 853 (Fla.) (victim drowned in bathtub, but had numerous injuries), cert. denied, 493 U.S. 945, 110 S.Ct. 353, 107 L.Ed.2d 341 (1989); and Sweetser v. State, 258 So.2d 287 (Fla. 3d DCA) (drowning victim had been struck on the head prior to death), cert. denied, 261 So.2d 839 (Fla. 1972); see also Preston v. State, 56 So.2d 543 (Fla. 1952) *112 (manslaughter, no testimony as to cause of death); Savage v. State, 152 Fla. 367, 11 So.2d 778 (1943) (manslaughter, evidence insufficient to show death occurred through the criminal agency of another); Deiterle (second-degree murder, cause of death not established); Drysdale (second-degree murder, criminal agency not established).
Therefore, we hold that the state's proof was insufficient to support the jury's conclusion that Mrs. Golden's death was caused by the criminal agency of another, an essential element of the corpus delicti of homicide. We vacate Golden's conviction and sentence and direct that he be released from custody.[5]McArthur v. Nourse, 369 So.2d 578 (Fla. 1979).
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The first and third elements are not at issue in this case.
[2] To support a conviction, a defendant's guilt also must be shown beyond a reasonable doubt, but guilt is not an element of the corpus delicti. Spanish v. State, 45 So.2d 753 (Fla. 1950); Sciortino v. State, 115 So.2d 93 (Fla.2d DCA 1959); Charles E. Torcia, Wharton's Criminal Law § 28 (14th ed. 1978). Many times the corpus delicti and guilt "are so intimately connected that the proof of the corpus delicti and the guilty agency [of the defendant] are shown at the same time." Spanish, 45 So.2d at 754. Such is not the case here, however, where a component of the corpus delicti, death through the criminal agency of another, has not been proved.
[3] The medical examiner testified that a small scratch on Mrs. Golden's neck did not contribute to her death.
[4] In denying the various defense motions arguing that criminal agency had not been proved, the trial court relied on Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), review dismissed, 504 So.2d 762 (Fla. 1987), but that case is factually distinguishable due to Buenoano's being present when her son drowned, her conflicting statements to investigators and others, and the contradictions in the physical evidence.
[5] Due to this resolution of the case, we do not address the other issues raised on appeal.